**In re Margaret A. BELLER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 02–BG–426.**

District of Columbia Court of Appeals.

Decided July 3, 2002.

Before FARRELL and WASHINGTON, Associate Judges, and KING, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility "Board" recommends that respondent, Margaret A. Beller, be suspended from the practice of law in the District of Columbia for thirty days as a result of her admitted failure to respond to repeated inquiries from Bar Counsel and the Board regarding three ethical complaints. By failing to respond to those inquiries and comply with the Board's orders to respond, respondent violated Rules 8.1(b) and 8.4(d) of the Rules of Professional Conduct and D.C. Bar R. XI, § 2(b)(3). The Board furthermore recommends that reinstatement be conditioned on respondent's full compliance with Bar Counsel's requests for information regarding the three complaints.

Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent has not filed any exceptions to the Board's report and recommendation. Thus, we give heightened deference to the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997).

This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* We find substantial support in the record for the Board's findings, and, accordingly, we accept them. Likewise, we adopt the sanction recommended by the Board, as it is not inconsistent with discipline imposed in similar

---

cases. *See, e.g., In re Mattingly,* 723 A.2d 1219 (D.C.1999). Accordingly, it is

ORDERED that Margaret A. Beller is suspended from the practice of law in the District of Columbia for the period of thirty days, with reinstatement conditioned on her full cooperation with Bar Counsel in these matters. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on her eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*