**In re Margaret A. BELLER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 03–BG–789.**

District of Columbia Court of Appeals.

Submitted Jan. 22, 2004.

Decided Feb. 5, 2004.

Before SCHWELB and RUIZ, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

In this disciplinary proceeding against respondent Margaret A. Beller, a member of the Bar of the District of Columbia Court of Appeals, the Board on Professional Responsibility ("Board") has recommended to this court that she be suspended for 120 days for failure to respond to Bar Counsel's inquiries and to obey Board orders. No exceptions to the Board's Report and Recommendation have been filed.

From November 2, 2001 to July 19, 2002, Bar Counsel filed three specification of charges against respondent reflecting three separate investigations involving similar alleged misconduct. The three matters are Bar Docket Nos. 504–97, 156–01, and 66–02. Each matter involved Ms. Beller's failure to respond to requests for information from Bar Counsel and the Board. On July 29, 2003, the Board issued a report and recommendation that Beller's misconduct violated D.C. Rules of Professional Conduct 8.1(b) (failure to respond to a lawful demand for information from disciplinary authority), 8.4(d) (serious interference with the administration of justice), and D.C. Bar R. XI, § 2(b)(3) (failure to comply with an order of the Board). The record reflects that these are the same violations for which she was suspended for thirty days in a separate case more than a

**769**

year ago. *In re Beller,* 802 A.2d 340 (D.C. 2002).[1]

 The court has imposed thirty-day suspensions, together with fitness requirements and conditions of complying with the Board's order, for similar violations of D.C. Rules of Professional Conduct 8.4(d) and D.C. Bar R. XI, § 2(b)(3). *In re Beller, supra; In re Freed,* 773 A.2d 436 (D.C.2001); and *In re Giles,* 741 A.2d 1062 (D.C.1999). We note that recently this court in *In re Mattingly,* 790 A.2d 579 (D.C.2002), affirmed a six-month suspension for a respondent who, like Beller, violated D.C. Bar R. XI, § 2(b)(3) and D.C. Rules of Professional Conduct 8.4(d) by failing to respond to Bar Counsel's inquiries and Board orders in three separate disciplinary investigations.[2]

The Board in this case recommends a 120-day suspension. No exception has been taken to its report and recommendation.[3] Therefore, the court gives heightened deference to the Board's recommendation. See D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C. 1997). We find substantial support in the record for the Board's findings, and accordingly, we accept them. We adopt the sanction the Board recommended since it is not inconsistent with discipline imposed in similar cases. Accordingly, it is

ORDERED that Margaret A. Beller is suspended from the practice of law in the District of Columbia for the period of 120 days.[4] Reinstatement is conditioned on respondent's full compliance with Bar Counsel's requests for information in Bar Docket Nos. 91–00, 205–00, 256–00, 504–97, 156–01, and 66–02 and proof of fitness to practice law. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on her eligibility for reinstatement. See D.C. Bar R. XI, § 16(c).

*So ordered.*

---

1. Respondent has not complied with the affidavit requirements imposed in this case.

2. Beller appeared at the Board's ad hoc hearing committee, entered into a stipulation, and acknowledged her culpability, while Mattingly did not participate in the disciplinary proceeding. Beller has failed to comply with the requirements imposed in the earlier case.

3. We note respondent's testimony on October 8, 2002, before the Hearing Committee: "I'm in the process of cleaning up my office, selling my business, and will surrender my license. I do not expect to ever practice law again. I have given up hope of providing pro bono service in the District. I have a very seriously ill brother, my one and only brother ... to devote the rest of my attention during the years I am productive."

4. Respondent's suspension is to begin when her suspension from the earlier case terminates upon her compliance with the affidavit requirements imposed in that case.