In re Lysle S. FOLLETTE, III, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 453564).

No. 02–BG–1073.

District of Columbia Court of Appeals.

Submitted Nov. 16, 2004.

Decided Dec. 2, 2004.

Before REID and GLICKMAN, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

The present uncontested matter is the culmination of two original discipline proceedings and one reciprocal discipline proceeding against respondent Lysle S. Follette, III. All three proceedings concern respondent's failure to cooperate as required with investigations into complaints that he committed professional misconduct. The Board on Professional Responsibility recommends that we suspend respondent for ninety days and condition his reinstatement upon compliance with Bar Counsel's outstanding requests for information and a showing of fitness to practice law. We adopt the Board's recommendation.

The two original discipline proceedings grew out of four separate ethics complaints that were lodged against respondent between July 2001 and August 2002. Bar Counsel undertook to investigate these complaints in Bar Docket Nos. 288–01, 361–01, 369–01, and 406–02. However, respondent ignored Bar Counsel's repeated requests for his response to the complaints. Respondent also ignored the Board's orders directing him to provide his responses. As Bar Counsel thereupon charged,[1] and the Board eventually concluded in its report, respondent's stonewalling violated Rules 8.1(b) and 8.4(d) of the District of Columbia Rules of Professional Conduct and D.C. Bar Rule XI, § 2(b)(3). *See, e.g., In re Beller (Beller I)*, 802 A.2d 340 (D.C.2002).

---

1. Respondent was served personally with the Specification of Charges in each original proceeding. While respondent thereafter participated in the first proceeding (which encompassed Bar Docket Nos. 288–01, 361–01, and 369–01), he did not participate in the second proceeding (which was limited to Bar Docket No. 406–02).

Meanwhile, on August 6, 2002, the United States District Court for the District of Columbia indefinitely suspended respondent from practice before that court after he disregarded its order to respond to two complaints pending against him before the court's Committee on Grievances. Upon learning of that action, this court temporarily suspended respondent pursuant to D.C. Bar Rule XI, § 11(d), and directed the Board to recommend whether reciprocal discipline should be imposed. Respondent did not participate in the ensuing proceeding before the Board (Bar Docket No. 394–02). The Board ultimately concluded that (non-identical) reciprocal discipline should be imposed. *See* D.C. Bar R. XI, § 11(c), (f); *In re Zdravkovich,* 831 A.2d 964, 968–69 (D.C.2003).

As previously mentioned, the Board recommends that respondent be suspended for ninety days and that his reinstatement be contingent upon a showing of fitness as well as compliance with Bar Counsel's requests for information. In making this recommendation, the Board notes that respondent's multiple failures to cooperate displayed a pervasive pattern of disturbing indifference toward the disciplinary process. The recommended sanction, including the fitness requirement, is consistent with the sanction that we imposed in two recent cases with similar facts. *See In re Beller (Beller II),* 841 A.2d 768, 769 (D.C. 2004); *In re Mattingly,* 790 A.2d 579, 580 (D.C.2002).

As the Board's findings of the foregoing violations are supported by substantial evidence, we accept them. *See* D.C. Bar R. XI, § 9(g)(1). Moreover, as in *Beller* and *Mattingly,* we accord heightened deference to the disposition proposed by the Board inasmuch as neither Bar Counsel nor respondent has objected to its report and recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212,

1214 (D.C.1997). Accordingly, we direct that respondent Lysle S. Follette, III, is suspended from the practice of law in the District of Columbia for ninety days, with reinstatement conditioned on (a) respondent's compliance with all outstanding requests for information by Bar Counsel and (b) proof of fitness to practice law in this jurisdiction. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*