**In re Rozan E. CATER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 04–BG–195.**

District of Columbia Court of Appeals.

Submitted June 17, 2004.

Decided Dec. 1, 2005.

Before TERRY, REID and GLICKMAN, Associate Judges.

PER CURIAM:

This Court recently suspended respondent Rozan E. Cater from practicing law for 180 days, with reinstatement depen-

dent on proof of fitness and satisfaction of other conditions, as a sanction for her misconduct in four consolidated disciplinary matters. *In re Cater,* No. 03–BG–624, 887 A.2d 1 (D.C.2005) *(Cater I).* Three of those matters, which accounted for half the period of suspension, arose from respondent's failure to respond to inquiries from Bar Counsel and orders of the Board on Professional Responsibility concerning ethical complaints that had been lodged against her.

Now before us are four subsequently arising disciplinary matters, in each of which the gravamen of the charge is again respondent's failure to respond to Bar Counsel's inquiries and the Board's orders in investigations that were triggered by (new) complaints of ethical impropriety. Agreeing with its Hearing Committee, the Board has concluded that in each of the four new matters, respondent violated Rules 8.1(b) (failure to respond reasonably to a lawful demand for information from a disciplinary authority) and 8.4(d) (serious interference with the administration of justice) of the Rules of Professional Conduct, and D.C. Bar Rule XI, § 2(b)(3) (failure to comply with an order of the Board). The Board recommends that respondent be suspended for an additional ninety days,[1] with reinstatement conditioned on proof of fitness to practice law and full compliance with Bar Counsel's requests for information.

Neither respondent nor Bar Counsel has taken exception to the Board's report and recommendation. We are satisfied that the Board's findings are supported by substantial evidence in the record and that its recommended sanction would neither "foster a tendency toward inconsistent dispositions for comparable conduct" nor "other-

---

1. *See In re Beller,* 841 A.2d 768, 769 n. 4 (D.C.2004) (ordering that suspension be con-secutive to earlier suspension for similar misconduct).

wise be unwarranted." D.C. Bar R. XI, § 9(g)(1). Accordingly, it is hereby

ORDERED that respondent Rozan E. Cater is suspended from the practice of law in the District of Columbia for the period of ninety days, beginning after respondent has served the 180–day period of suspension imposed in *Cater I*, with reinstatement conditioned upon (1) respondent's full compliance with Bar Counsel's requests for information regarding the underlying complaints of misconduct in Bar Docket Nos. 123–02, 162–02, 176–02 and 208–02; and (2) a satisfactory showing by respondent that she has been rehabilitated and is fit to practice law in the District of Columbia. The foregoing conditions of reinstatement are in addition to the conditions of reinstatement imposed in *Cater I*.

*So ordered.*[2]

---

**2.** Respondent's attention is directed to the requirements of D.C. Bar R. XI, § 14 (relating to disbarred and suspended attorneys) and § 16 (relating to eligibility for reinstatement).