In re James S. POWELL, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 427084).

No. 05–BG–785.

District of Columbia Court of Appeals.

Submitted Dec. 14, 2005.
Decided May 4, 2006.

Before WASHINGTON, Chief Judge, SCHWELB, Associate Judge, and NEBEKER, Senior Judge.

PER CURIAM:

This original matter involves a recommendation for a one-year suspension from the practice of law and that respondent be required to show fitness prior to reinstatement.

On May 18, 1999, respondent, James S. Powell, entered a guilty plea to a misdemeanor offense in Virginia. Respondent failed to report the criminal conviction to this court pursuant to D.C. Bar R. XI, § 10(a). The Virginia State Bar subsequently reprimanded respondent for commission of the crime and the Virginia Bar notified Bar Counsel of this reprimand. We suspended respondent on an interim basis in an earlier appeal (No. 01–BG–485) and directed the Board on Professional Responsibility to institute a formal proceeding to determine final discipline.

While subject to the interim suspension by this court in appeal No. 01–BG–485, respondent filed a sworn application for admission to the Bar of the United States District Court for the District of Colorado wherein respondent failed to disclose his admission to practice before the District of

Columbia or his interim suspension by this court. The interim suspension concluded when this court issued *In re Powell*, 836 A.2d 579 (D.C.2003), in which this court imposed a 30–day suspension *nunc pro tunc* to October 16, 2002. Although respondent was admitted to practice before the Colorado Court, that court's Committee on Conduct rescinded the admission following an investigation that revealed respondent was not a member in good standing in the District of Columbia. As a result, Bar Counsel filed formal proceedings against respondent on July 30, 2003, charging that respondent violated Rules 8.1(a), 8.4(c) and 8.4(d) based upon his application to the Bar of the Colorado District Court.

■ In its report and recommendation submitted on July 27, 2005, in appeal No. 05–BG–785, the Board concluded that respondent violated Rule 8.1(a) by knowingly making a false statement of material fact in connection with a bar admission application; Rule 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and Rule 8.4(d) by engaging in conduct that seriously interfered with the administration of justice. This court held the matter in abeyance and directed the Bar Counsel, the Board on Professional Responsibility, and respondent to show cause why he should not be disbarred. Upon review of the responses to the show cause order, this court is satisfied with the recommendation of the Board. Bar Counsel does not take exception to the Board's Report and Recommendation.[1]

■ Considering the heightened deference this court gives to the Board's recommendation in cases such as this where no exceptions are filed, *see* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997), we adopt the Board's recommendation. *See In re Starnes*, 829 A.2d 488 (D.C.2003) (imposing six-month suspension with a fitness requirement for making an intentional misrepresentation in an application to the bar of this court); *In re Cater*, 887 A.2d 500 (D.C.2005) (requiring "clear and convincing evidence that casts a serious doubt upon the attorney's continuing fitness to practice law" for imposition of a showing of fitness). Therefore, it is

ORDERED that James S. Powell is suspended from the practice of law in the District of Columbia for the period of one year, beginning 30 days from the date of this opinion. Reinstatement in the District of Columbia is conditioned on demonstration of fitness to practice law in accordance with D.C. Bar R. XI, § 3(a)(2). We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14 including the timely filing of an affidavit and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

1. "Our disciplinary system is adversarial—Bar Counsel prosecutes and Respondent's attorney defends—and although the court is not precluded from imposing a more severe sanction than that proposed by the prosecuting authority, that is and surely should be the exception, not the norm, in a jurisdiction, like ours, in which Bar Counsel conscientiously and vigorously enforces the Rules of Professional Conduct." *In re Cleaver–Bascombe*, 892 A.2d 396, 412 n. 14 (D.C.2006).