40 A.3d 34

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Darlene H. SMITH.

Misc. Docket AG No. 10, Sept. Term, 2011.

Court of Appeals of Maryland.

March 19, 2012.

JaCina N. Stanton, Asst. Bar Counsel (Glenn M. Grossman, Bar Counsel, Attorney Grievance Commission of Maryland), for petitioner.

No argument on behalf of the Respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, ADKINS, BARBERA and McDONALD, JJ.

McDONALD, J.

The Attorney Grievance Commission ("Commission") charged Darlene H. Smith with violating several provisions of

the Maryland Lawyers' Rules of Professional Conduct ("MLRPC"), including MLRPC 5.5(a) (unauthorized practice of law in another jurisdiction), MLRPC 8.4(a) (misconduct involving a violation of the rules), MLRPC 8.4(c) (misconduct involving dishonesty, fraud, deceit, or misrepresentation), and MLRPC 8.4(d) (misconduct prejudicial to the administration of justice). Pursuant to Maryland Rule 16–752, we referred the matter to Judge Philip T. Caroom of the Circuit Court for Anne Arundel County for hearing and determination. Judge Caroom concluded that Ms. Smith did not engage in the unauthorized practice of law but that she did violate the other rules cited by the Commission. No exceptions were filed to Judge Caroom's findings and conclusions. A hearing on those findings and conclusions was scheduled before this Court on February 2, 2012. Ms. Smith failed to appear and we disbarred her in a *per curiam* order that same day. We now explain why.

## Background

Ms. Smith was admitted to the Maryland Bar in June 1997.[1] She has also been admitted to practice before the United States District Court for the District of Columbia. Ms. Smith initially worked as a judicial clerk for the Chief Judge of the District of Columbia Court of Appeals. She subsequently practiced law at a number of firms in the District of Columbia and Maryland, including as a solo practitioner, before settling at the District of Columbia office of Drinker Biddle & Reath in mid-December 2008. Although she had practiced law for more than 10 years, largely in offices located in the District of Columbia, Ms. Smith had never been admitted to the District of Columbia Bar.

---

1. These facts are derived from Judge Caroom's Findings of Fact and Conclusions of Law, and the stipulated facts and documents submitted by the parties. No exceptions have been filed, and we accept the hearing judge's findings of fact as established for purposes of this proceeding. *See* Maryland Rule 16–759(b)(2).

The rules governing the practice of law in the District of Columbia ("D.C. Rules") allow lawyers not admitted to the District of Columbia Bar to practice law in some circumstances so long as the attorney makes certain public disclosures about the attorney's bar status. In particular, an attorney admitted in another state may practice in the District of Columbia for 360 days, provided, among other things, that the attorney's practice is directly supervised by a member of the District of Columbia Bar, that the attorney applies for admission to the District of Columbia Bar within 90 days after commencing practice in the District of Columbia, and that there is notice to the public of the attorney's bar status. D.C. Rule 49(c)(8). Another provision of the D.C. rules allows an attorney located in the District of Columbia to provide legal services in federal court or federal agency proceedings if admitted to practice before the federal court or agency and if the attorney "gives prominent notice in all business documents of the practitioner's bar status and that his or her practice is limited...." D.C. Rule 49(c)(2).

In January 2009, Ms. Smith applied for "Admission Without Examination" to the District of Columbia Court of Appeals Committee on Admissions ("Admissions Committee"). On October 20, 2009, the Admissions Committee wrote to Ms. Smith and asked her to explain (1) why she had delayed seeking admission for such a long period of time and (2) whether she had complied with the requirements of D.C.Rule 49 and the related advisory opinions of the District of Columbia Committee on Unauthorized Practice of Law.

Ms. Smith responded in a letter dated December 8, 2009. In that letter Ms. Smith stated that her law practice had been an "exclusively federal practice" and that "[m]y business cards, correspondence written on firm letterhead, and promotional materials provided the appropriate notice that my admission to the bar was only in Maryland and that I limited myself to a federal practice." She enclosed promotional materials and other documents identified as "redacted copies of

correspondence from my current and previous law firms." The enclosures purported to document the assertions in her letter and included legends stating that Ms. Smith had been admitted only in Maryland and that she limited herself to federal practice. In fact, those disclosures did not appear on the original versions of many of those documents, but had been added by Ms. Smith shortly before she submitted them to the Admissions Committee.

In January 2010, Ms. Smith met with the General Counsel of Drinker Biddle & Reath to discuss her application. Following that meeting, Ms. Smith wrote to the Admissions Committee on February 5, 2010, and admitted altering many of the documents she had enclosed with her December 8, 2009, letter. Specifically, she acknowledged that she had altered copies of her past correspondence written on Drinker Biddle & Reath stationery, to add the legends "admitted only in Maryland" and "practice limited to matters and proceedings before federal courts and agencies," and had similarly altered the samples of correspondence she had submitted from three other law firms where she had practiced before joining Drinker Biddle & Reath.

Based on these facts, Judge Caroom concluded that Ms. Smith had violated MLRPC 8.4(a), (c) and (d) (misconduct) by deliberately altering documents submitted in support of her District of Columbia Bar application. He reasoned that the deliberate alteration of the exhibits she submitted to the Admissions Committee indicated that she knew she had failed to comply with the disclosure requirements of D.C. Rule 49 and that she was attempting to conceal her failure to comply. He concluded, however, that Ms. Smith did not violate MLRPC 5.5(a) (unauthorized practice of law in another jurisdiction) because (a) the use of an inaccurate letterhead or advertisement by itself does not constitute the practice of law and (b) the evidence did not establish that Ms. Smith had practiced before any court to which she was not properly admitted.

### Discussion

■ We agree with the hearing judge's conclusion that Ms. Smith violated MLRPC 8.4(a), (c), and (d).[2] Under sections (c) and (d), it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation or in conduct prejudicial to the administration of justice. Under section (a), it is professional misconduct for a lawyer to violate the MLRPC.

■ An attorney who permits false or fraudulent documents to be executed and filed on the public record or falsely certifies or signs documents violates MLRPC 8.4(c) and (d). *See, e.g., Attorney Grievance Comm'n v. Coppola,* 419 Md. 370, 19 A.3d 431 (2011) (notarization and false attestations of forged signature on deed, will and related documents later filed in public record); *Attorney Grievance Comm'n v. Joseph,* 422 Md. 670, 31 A.3d 137 (2011) (false representations as to residency status on applications for admission pro hac vice to California courts); *Attorney Grievance Comm'n v. Byrd,* 408 Md. 449, 970 A.2d 870 (2009) (false and misleading business reports filed with bankruptcy court); *Attorney Grievance Comm'n v. Parsons,* 404 Md. 175, 946 A.2d 437 (2008) (false statement on application for *pro hac vice* admission to federal district court).

There is no need for extended analysis of the application of MLRPC 8.4 to Ms. Smith's conduct. Ms. Smith has stipulated that she fabricated exhibits to her bar application to advance her misrepresentations to the Admissions Committee concerning her compliance with D.C. Rule 49—actions that involve dishonesty, fraud, deceit, and misrepresentation. An applicant's fabrication of evidence designed to mislead a bar examiner is prejudicial to the administration of the laws governing the practice of law.

---

**2.** We review *de novo* the hearing judge's conclusions of law. *See* Maryland Rule 16–759. Because we find the violation of various sections of MLRPC 8.4 a sufficient basis to disbar Ms. Smith and because no exceptions have been filed, we need not address the hearing judge's conclusion that she did not violate MLRPC 5.5(a).

## Sanction

When an attorney submits fabricated evidence to cover up a violation of disciplinary rules, the appropriate sanction is ordinarily disbarment, absent "compelling extenuating circumstances." *Attorney Grievance Comm'n v. Payer*, 425 Md. 78, 95, 38 A.3d 378, 388 (2012) (citing and quoting cases). Ms. Smith proffered various circumstances in mitigation, including that she had no prior pattern of misconduct, that she had not appeared in court actions in violation of the District of Columbia rules, that she had resigned from her law firm because she recognized that her conduct was sanctionable, that she had cooperated with Maryland disciplinary authorities, and that she was "very embarrassed." While these are factors that the Court may consider in fashioning an appropriate sanction [3], they are not so compelling as to cause us to deviate from the presumptive sanction of disbarment in this case.

Ms. Smith's misconduct was not a reflexive exculpatory statement of one unexpectedly confronted with a misdeed. Rather, it was a carefully contrived effort that required a detailed alteration of samples of her past correspondence spanning more than a decade and several law firms. The additions of bogus disclaimers about her bar membership were clearly material to the inquiry of the Admission Committee about her past compliance with D.C. Rule 49. Indeed, the alterations were the *only* reason for submitting those particular pieces of correspondence, which were otherwise unrelated to her bar application. The admitted purpose was to mislead the Admissions Committee into believing that she had consistently complied with D.C. Rule 49. Her subsequent correction of her fabrications was apparently triggered by a meeting with the General Counsel of her law firm.

Whether a truthful description by Ms. Smith of her past practice to the Admissions Committee would have resulted in

---

3. *E.g., Attorney Grievance Comm'n v. Gordon*, 413 Md. 46, 63–64, 991 A.2d 51 (2010).

a sanction against her by District of Columbia authorities and later action by this Court and, if so, whether mitigating circumstances would have moderated that sanction, we cannot and need not determine. The obstruction of a bar inquiry through the submission of fabricated evidence by an experienced member of the bar is an instance of dishonesty that incorporates a number of factors that we have deemed aggravating.[4] *See* American Bar Association Standards for Imposing Lawyer Sanctions, § 9.22(b), (e), (f), (i) (aggravating factors include dishonest or selfish motive, bad faith obstruction of disciplinary inquiry, submission of false evidence, substantial experience in the practice of law).

The nature of the violation, coupled with the aggravating factors, makes disbarment appropriate. Accordingly, we entered the February 2, 2012, *per curiam* order disbarring Ms. Smith and awarding costs against her.

---

**4.** *See, e.g., Attorney Grievance Comm'n v. Harris,* 403 Md. 142, 167–68, 939 A.2d 732 (2008) (noting that the Court frequently looks to the aggravating factors listed in the ABA Standards).