*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-BG-492

IN RE SANDY F. THOMAS-BELLAMY, RESPONDENT

A Suspended Member of the Bar

of the District of Columbia Court of Appeals

(Bar Registration No. 1011060)

On Report and Recommendation of Hearing Committee Number Four

Approving Petition for Negotiated Discipline

(BDN D179-13)

(Decided: November 12, 2015)

Before GLICKMAN and FISHER, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: This decision is issued as non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.

In this disciplinary matter, Hearing Committee Number Four ("Committee") recommends approval of a petition for negotiated attorney discipline imposing a one-year suspension with reinstatement conditioned upon a showing of fitness. The recommended discipline stems from respondent's false statements in connection with her application for admission to the District of Columbia Bar. Specifically, respondent represented to the Court of Appeals' Committee on Admissions that no pending disciplinary complaints existed against her, but Maryland had initiated investigations into two pending disciplinary complaints. On November 16, 2012, respondent became a member of the District of Columbia Bar.

Respondent admittedly violated four rules of the District of Columbia Rules of Professional Conduct in connection with her application for admission to the District of Columbia Bar. The Committee concluded, after the limited hearing on the petition, an *in camera* review of Bar Counsel's investigative files and records, and an *ex parte* discussion with Bar Counsel, that respondent violated the four

Rules of Professional Conduct identified in the petition. The parties stipulated that this court's previous sanction in *In re Thomas-Bellamy*, 97 A.3d 591 (D.C. 2014) ("*Thomas-Bellamy I*"), which imposed a six-month suspension, constituted an aggravating factor. Respondent presented mitigating circumstances that included the favourable resolution of her Maryland disciplinary cases, and the fact that she did not take on any District of Columbia clients and fully cooperated with Bar Counsel. As a result, Bar Counsel and respondent negotiated imposition of discipline in the form of a one-year suspension with a fitness requirement, to run consecutive to the sanction imposed in *Thomas-Bellamy I*.

We accept the Committee's recommendation because it properly applied D.C. Bar R. XI § 12.1 (c) to arrive at this conclusion, and we find no error in the Committee's determination. The Committee considered respondent's prior sanction as an aggravating circumstance. Furthermore, it properly considered the mitigating circumstances that respondent identified. Based upon the record before the court, the negotiated discipline of a one-year suspension from the practice of law (consecutive to respondent's prior suspension), with reinstatement conditioned

upon demonstrating fitness to practice law, is not unduly lenient and is supported by discipline imposed by this court for similar actions.[1]

In accordance with our procedures in uncontested disciplinary cases, we agree this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Sandy F. Thomas-Bellamy is hereby suspended from the practice of law in the District of Columbia for a period of one year, with reinstatement conditioned upon demonstrating fitness to practice law. This period of suspension shall be consecutive to the six-month period of suspension imposed in *Thomas-Bellamy I*. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14 (g) and its effect on her eligibility for reinstatement. *See* D.C. Bar R. XI, § 16 (c). Respondent's eighteen-month total suspension will not begin to run until a compliant affidavit is filed.

*So ordered.*

---

[1] *See In re Powell*, 898 A.2d 365 (D.C. 2006) (imposing a one-year suspension with fitness for respondent's failure to disclose a suspension on his bar application).