*Attorney Grievance Commission v. Sandy F. Thomas-Bellamy*
Misc. Docket No. AG 7, September Term, 2016


**Attorney Discipline – Reciprocal Discipline Proceeding – Misrepresentation on Bar Application – Corresponding Discipline.** Maryland attorney who knew that Maryland Bar Counsel was investigating complaints against her falsely stated on application form for the District of Columbia Bar that there were no outstanding complaints against her. After this misrepresentation was discovered, she was suspended from the District of Columbia Bar for one year with reinstatement conditioned on a showing of fitness. In this reciprocal disciplinary proceeding, the Court of Appeals imposes corresponding discipline in Maryland – an indefinite suspension with a right to reapply after one year. Maryland Rule 19-737.

Argued October 6, 2016

IN THE COURT OF APPEALS
OF MARYLAND

Misc. Docket No. AG 7

September Term, 2016

_____

ATTORNEY GRIEVANCE COMMISSION OF
MARYLAND

V.

SANDY F. THOMAS-BELLAMY

_____

Barbera, C.J.
Greene
Adkins
McDonald
Watts
Hotten
Getty,

JJ.

_____

Opinion by McDonald, J.

_____

Filed: November 22, 2016

The Attorney Grievance Commission ("Commission") initiated this reciprocal attorney discipline action against Sandy F. Thomas-Bellamy based on discipline imposed on her last year by the District of Columbia Court of Appeals. That court suspended her from the practice of law in the District of Columbia for one year, with reinstatement conditioned on a showing of fitness, for making a deliberate misrepresentation in 2012 on her District of Columbia Bar application. In accordance with Maryland Rule 19-737, we impose corresponding discipline in Maryland – an indefinite suspension of Ms. Thomas-Bellamy's license to practice law in Maryland with the right to apply for reinstatement after one year. We do not find exceptional circumstances that would justify, under the rule, a greater or lesser sanction in Maryland.

## Background

Ms. Thomas-Bellamy was admitted to the Maryland Bar in June 1999. She was admitted to the District of Columbia Bar in November 2012.

Although this is a reciprocal discipline case emanating from the District of Columbia, its genesis was a prior investigation by the Commission into several complaints made by clients of Ms. Thomas-Bellamy concerning her practice in Maryland. That investigation resulted in disciplinary proceedings in Maryland, as well as a reciprocal disciplinary action in the District of Columbia Court of Appeals. It is the pendency of that Maryland investigation – and specifically, Ms. Thomas-Bellamy's failure to disclose it when she was admitted to the District of Columbia Bar – that resulted in both a second disciplinary proceeding in the District of Columbia, and this proceeding in this Court.

*The Commission's Initial Investigation*

In late 2011 and early 2012, four of Ms. Thomas-Bellamy's Maryland clients separately complained to the Commission about the services she provided – or, more precisely, the lack of services. The complaints had a common pattern. Each client had asked Ms. Thomas-Bellamy to file a bankruptcy petition on the client's behalf and had paid Ms. Thomas-Bellamy money for filing fees and professional services. Thereafter, Ms. Thomas-Bellamy did not promptly file the bankruptcy petitions and failed to respond to inquiries from the clients. The Commission launched an investigation.

*Ms. Thomas-Bellamy Applies for Admission to the District of Columbia Bar*

On January 9, 2012, Ms. Thomas-Bellamy submitted an application for admission to the District of Columbia Bar. On that application, she indicated that she had never been the "subject of any charges, complaints, or grievances (formal or informal) concerning [her] conduct as an attorney, including any now pending," and attested that all information on the application was "true and complete." From the record before us, there is no indication that she knew about the Maryland client complaints, or the Commission's investigation, at the time she completed that application. However, it was not long before she became aware of them.

On May 14, 2012, Ms. Thomas-Bellamy signed a return receipt indicating that she had received a letter from the Commission regarding its investigation into the complaints of her Maryland clients. Additionally, on June 25, 2012, she responded to one of the client complaints in a letter to the Commission.

On November 15, 2012, the day before she was to be sworn into the District of Columbia Bar, Ms. Thomas-Bellamy completed a supplemental questionnaire in connection with her application for admission. In her response to an item on that questionnaire, she reiterated that there were no "charges or complaints now pending concerning [her] conduct as an attorney . . . ." As Ms. Thomas-Bellamy concedes, that was not true, and she knew it was not true when she completed the supplemental questionnaire. She was sworn into the District of Columbia Bar the next day.

*Resolution of Maryland Investigation of Client Complaints*

In the meantime, Ms. Thomas-Bellamy cooperated in the Commission's investigation of the Maryland client complaints. She also completed her work on the bankruptcy petitions for three of the clients to their satisfaction and refunded the money paid by the fourth client.

After the Commission completed its investigation, the Commission and Ms. Thomas-Bellamy filed with this Court a Joint Petition for Indefinite Suspension by consent. The Joint Petition outlined her client communication failures, but noted that she had resolved each of the client complaints. The Joint Petition also described Ms. Thomas-Bellamy's failure to maintain appropriate records concerning her attorney trust account and to file timely tax returns (apparently due in part to mistakes by the accountant she originally hired for that purpose).[1] In the Joint Petition, the parties agreed that an appropriate sanction

---

[1] The Joint Petition alleged that her conduct violated Maryland Lawyers' Rules of Professional Conduct ("MLRPC") 1.1 (competence), 1.2 (scope of representation), 1.3 (diligence), 1.4 (communication), 1.15(a) and (c) (safekeeping property), 1.16(a) (termination of representation), 8.1(b) (failure to respond to lawful demand for

3

would be an indefinite suspension from the practice law in Maryland with the right to apply for reinstatement no sooner than six months from the date of suspension.

On March 28, 2014, this Court accepted the Joint Petition and the agreed disposition, and suspended Ms. Thomas-Bellamy indefinitely from the practice of law in Maryland with the right to apply for reinstatement after six months. *Attorney Grievance Comm'n v. Thomas-Bellamy*, 437 Md. 606 (2014). Since that time Ms. Thomas-Bellamy has not petitioned for reinstatement and remains suspended from the practice of law in Maryland.

*Reciprocal Proceedings in the District of Columbia*

Shortly after we sanctioned Ms. Thomas-Bellamy, the District of Columbia Court of Appeals, in a reciprocal discipline proceeding based on her suspension in Maryland, imposed "functional[ly] equivalent" reciprocal discipline – a six-month suspension of her license in the District of Columbia with reinstatement contingent on a showing of fitness. *In re Thomas-Bellamy*, 97 A.3d 591 (D.C. 2014).[2]

---

information), 8.4(a) (misconduct), 8.4(d) (conduct prejudicial to the administration of justice), as well as Maryland Rules 16-604, 16-606.1, and 16-609 concerning attorney trust accounts, and Maryland Code, Business Occupations and Professions Article, §10-306 concerning misuse of trust money. In the Joint Petition, Ms. Thomas-Bellamy acknowledged that there was sufficient evidence to establish the alleged violations.

Effective July 1, 2016, the MLRPC, renamed the Maryland Attorneys' Rules of Professional Conduct, and the rules governing attorney trust accounts have been recodified in Title 19 of the Maryland Rules.

[2] The six-month suspension with reinstatement conditioned on a showing of fitness is functionally equivalent to an indefinite suspension, with a right to reapply after six

4

*District of Columbia Proceedings Based on False Statement in Application*

In 2015, the District of Columbia authorities undertook an additional investigation – this time for the misrepresentation Ms. Thomas-Bellamy had made in the supplemental questionnaire concerning the existence of complaints against her. Ms. Thomas-Bellamy cooperated in that investigation and admitted to the misconduct. A Petition for Negotiated Discipline was submitted to a hearing committee of the District of Columbia Court of Appeals Board on Professional Responsibility. The hearing committee found that Ms. Thomas-Bellamy's misrepresentation violated District of Columbia Rules of Professional Conduct 8.1(a), 8.1(b), 8.4(c), and 8.4(d)[3] and recommended a one-year suspension consecutive to the six-month suspension imposed in 2014, again with reinstatement conditioned on a showing of fitness.

---

months, in Maryland as the Maryland Rules require a showing of fitness when an attorney who receives such a sanction applies for reinstatement. *See* Maryland Rule 19-752(h).

[3] District of Columbia Rule of Professional Conduct 8.1(a) states that a bar applicant "shall not knowingly make a false statement of fact" in connection with a bar admission application. Rule 8.1(b) states that a bar applicant "shall not fail to disclose a fact necessary to correct a misapprehension known by the lawyer or applicant to have arisen in the matter, or knowingly fail to respond reasonably to a lawful demand for information from an admissions or disciplinary authority." Rule 8.4(c) deems it to be "professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." Rule 8.4(d) deems it to be "professional misconduct for a lawyer to . . . engage in conduct that seriously interferes with the administration of justice."

The corresponding Maryland Attorneys' Rules of Professional Conduct are currently codified in the Maryland Rules at 19-308.1(a) and (b) and 19-308.4(c) and (d), and are substantially similar in language and substance.

The District of Columbia Court of Appeals accepted the hearing committee's recommendation. *In re Thomas-Bellamy*, 125 A.3d 1136 (D.C. 2015). The Court stated that, although the earlier reciprocal discipline was an aggravating factor, the fact that Ms. Thomas-Bellamy had not taken on any clients in the District of Columbia and had cooperated with the investigation were mitigating circumstances.[4]

*Reciprocal Proceedings in Maryland*

On April 7, 2016, the Commission initiated this reciprocal disciplinary proceeding based on the 2015 disciplinary action taken by the District of Columbia Court of Appeals. In accordance with the procedure set forth in what is now Maryland Rule 19-737,[5] we issued a show cause order requiring the Commission and Ms. Thomas-Bellamy to advise whether or not we should impose corresponding discipline on her. In response, Ms. Thomas-Bellamy initially asked that we impose a lesser sanction than corresponding discipline, but did not recommend any particular disposition. At oral argument, her counsel argued that a one-year suspension would be appropriate, but asked that we impose it

---

[4] Before the hearing committee, Ms. Thomas-Bellamy offered several other mitigating factors, including that, at the time of her misconduct, she had been suffering from depression. The hearing committee did not consider her alleged depression when making its disciplinary recommendation and noted that the additional mitigating factors alleged by Ms. Thomas-Bellamy, even if true, would not have altered its recommendation for a one-year suspension.

[5] The procedure governing reciprocal discipline proceedings was previously set forth in Maryland Rule 16-773. Effective July 1, 2016, the rule was re-codified in its current form without substantive change.

retroactively from November 2015 when the District of Columbia imposed its sanction. The Commission has recommended a greater sanction – in particular, disbarment.

## Discussion

### A.   *Reciprocal Disciplinary Proceedings*

In most reciprocal discipline cases, a final adjudication in another jurisdiction that an attorney committed professional misconduct is "conclusive evidence" of misconduct. Maryland Rule 19-737(g).  However, we will not accept that finding if the Commission or the respondent attorney demonstrates, by clear and convincing evidence, certain "exceptional circumstances" that undermine that conclusion – *i.e.*, that the other jurisdiction's "procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;" that "there was such infirmity of proof establishing the misconduct as to give rise to a clear conviction that the Court, consistent with its duty, cannot accept as final the determination of misconduct;" or that the "conduct does not constitute misconduct in [Maryland]."  Maryland Rule 19-737(e), (g).[6]

Assuming that there are no such extraordinary circumstances and that we accept that misconduct is established, we must then determine the appropriate sanction in Maryland. As a general rule, the appropriate sanction is discipline that "corresponds" to the discipline in the other jurisdiction – again, unless one of the parties demonstrates "extraordinary circumstances," by clear and convincing evidence, that the misconduct warrants a different

---

[6] If we were to determine that such extraordinary circumstances exist and that misconduct is not conclusively established, we have the option of designating a judge to conduct a hearing on the alleged violation and to make findings of fact and recommended conclusions of law.  Maryland Rule 19-737(f).

sanction. Maryland Rule 19-737(e), (f). Such circumstances may exist if "the imposition of corresponding discipline would result in a grave injustice" or if the conduct "warrants substantially different discipline in [Maryland]." Maryland Rule 19-737(e)(3)-(4). In making such a determination, we look to our own precedent to determine what sanction this Court would have imposed if the case had originated in Maryland. *Attorney Grievance Comm'n v. Peters-Hamlin*, 447 Md. 520, 538 (2016); *Attorney Grievance Comm'n v. Weiss*, 389 Md. 531, 546-52 (2005).

## B. *Finding of Misconduct*

In this case, neither party contends that there are extraordinary circumstances, related to the process in the District of Columbia, that undermine the finding of professional misconduct in that jurisdiction. Indeed, Ms. Thomas-Bellamy concedes that she committed misconduct in her misrepresentation in answering the supplement to her bar application. There is also no question that a misrepresentation on a bar application in another jurisdiction is professional misconduct in Maryland. *See Attorney Grievance Comm'n v. Smith*, 425 Md. 230 (2012) (Maryland attorney who fabricated documentation related to her application for admission to District of Columbia Bar committed misconduct under the ethical rules governing Maryland lawyers). Accordingly, professional misconduct is established and we proceed to the question of sanction.

## C. *Sanction*

The Commission argues that Maryland precedent justifies substantially different discipline than that imposed on Ms. Thomas-Bellamy in the District of Columbia. It suggests the greater sanction of disbarment is appropriate. After initially taking the

8

opposite tack – that we should impose a lesser sanction in Maryland – Ms. Thomas-Bellamy is willing to accept a one-year suspension if it is backdated to the starting date of the District of Columbia sanction – November 2015.  For the reasons set forth below, there are no extraordinary circumstances that require a greater or lesser sanction than that imposed in the District of Columbia.  In our view, the appropriate corresponding discipline is a continuation of Ms. Thomas-Bellamy's current indefinite suspension in Maryland with the right to reapply no sooner than one year from the date of this decision.

Bar Counsel's recommendation of disbarment for a deliberate misrepresentation by an applicant on a bar application is not out of step with this Court's rules and precedent. The bar admissions process relies heavily on information provided by the applicants themselves.  Concealment of material adverse information by an applicant impairs the integrity of that process.  When there is a misrepresentation that hides serious prior misconduct, the consequences have been severe – rejection of the application for admission or, if the misrepresentation is discovered after admission, disbarment.  However, "[n]ot every purposefully dishonest misrepresentation on a bar application may warrant the extreme sanction of disbarment." *Attorney Grievance Comm'n v. Gilbert*, 307 Md. 481, 498 (1986).  There is not a one-size-fits-all disposition that is unrelated to the facts of the particular case.  We must locate Ms. Thomas-Bellamy's misrepresentation on the spectrum of this Court's past cases.

*Denial of Admission to the Maryland Bar*

To obtain admission to the Maryland Bar, an applicant bears the burden of showing "good moral character."  Rule 5(a) of the Rules Governing Admission to the Bar of

9

Maryland. An applicant who fails to answer questions on the application "fully and candidly" does not satisfy that burden. One test of an applicant's "truthfulness and candor" are the applicant's statements in the bar application itself. This Court has typically denied admission to bar applicants who fail to disclose adverse information requested on the Maryland bar application. *See Application of Deirdre Paulette Brown,* 449 Md. 669 (2016) (denying admission to applicant who was "less than candid" about a past felony theft charge and who deliberately falsified her law school grade point average in order to obtain an interview with a prospective employer); *In re Application of Strzempek*, 407 Md. 102 (2008) (failure to report conviction for driving while intoxicated); *In re Application of Emsean L. Brown*, 392 Md. 44 (2006) (failure to report conviction for bank fraud); *In re Application of Gjini*, 448 Md. 524 (2016) (failure to disclose that the applicant had been served with a Petition to Violate Probation and that a District Court, in connection with that Petition, found that he had not properly satisfied an alcohol education program); *In re Application of Stern*, 403 Md. 615 (2008) (failure to disclose past litigation for delinquent credit accounts and current delinquencies).

*Disbarment*

When a misrepresentation on a Maryland bar application comes to light after the individual has been admitted to the bar, this Court has often imposed a sanction of disbarment, particularly when a truthful answer would have disclosed past serious illegal or criminal conduct. *See, e.g., Attorney Grievance Comm'n v. Gilbert*, 307 Md. 481 (1986) (failure to disclose civil suit related to applicant's participation in wife's murder); *Attorney Grievance Comm'n v. Hunt*, 435 Md. 133 (2013) (failure to disclose impending federal

10

indictment for bribery); *Attorney Grievance Comm'n v. Joehl*, 335 Md. 83 (1994) (failure to disclose arrest for battery, out-of-state traffic violations, and suspension of Maryland driver's license). Even when the misrepresentation did not concern criminal conduct, disbarment has also been the sanction when the misrepresentation was a "carefully contrived effort" involving fabricated documentation, as opposed to "a reflexive exculpatory statement." *Smith*, 425 Md. at 236-37.

*Sanctions other than Disbarment*

This Court has sometimes imposed discipline short of disbarment when a misrepresentation to bar authorities did not concern criminal conduct or involve elaborate fabrications. *See e.g.*, *Attorney Grievance Comm'n v. Kepple*, 432 Md. 214 (2013); *Attorney Grievance Comm'n v. Poverman,* 440 Md. 588 (2014). In *Kepple*, this Court decided that an indefinite suspension with the right to apply for reinstatement after 30 days was the appropriate sanction. In that case an attorney indicated on her bar application that there were no "circumstances or unfavorable incidences in [her] life . . . which may have a bearing upon [her] character or fitness to practice law." At that time, however, she knew that she had previously misrepresented her state of residency on her law school application in order to obtain favorable in-state tuition rates. In electing to impose a suspension instead of disbarment, the Court noted that she was a "highly-regarded, practicing attorney with no other ethical violations [or] acts of intentional dishonesty" in her fourteen-year career and was "truly remorseful." 432 Md. at 231-32.

*Poverman* was a recent reciprocal disciplinary action involving a false statement to bar authorities very similar to the one made by Ms. Thomas-Bellamy here. The attorney

11

in that case was a member of the Delaware Bar, as well as the Maryland Bar. In an Annual Registration Statement submitted to Delaware authorities in connection with his membership in the Delaware Bar, the attorney certified that there were "no charges pending or threatened against [him] before . . . the [Delaware] Board of Professional Responsibility or any other similar disciplinary agency in this or any other jurisdiction." In fact, as he was aware, at the time he submitted this form, there was an ongoing investigation by the Delaware Office of Disciplinary Counsel regarding his failure to fulfill mandatory continuing legal education requirements.

The Delaware Supreme Court publicly reprimanded the attorney for this misrepresentation, as well as his failure to complete the educational requirements. In the reciprocal Maryland disciplinary proceeding arising from that action, this Court considered Maryland precedent and could not find "any case in which [it] disbarred an attorney for a single instance of falsely certifying that the attorney had no disciplinary action pending or threatened against him." 440 Md. at 605, 607. The Court declined to impose the same discipline as imposed by the Delaware Supreme Court or to accept the Commission's recommendation of disbarment. Rather, the Court indefinitely suspended the attorney with the right to apply for reinstatement after one year.

*The Appropriate Disposition as to Ms. Thomas-Bellamy*

In many of the cases cited above, this Court denied bar membership to individuals who failed to disclose criminal convictions on their bar application or disbarred attorneys who concealed information about criminal or other serious misconduct. Ms. Thomas-Bellamy's misrepresentation does not involve criminal activity. She concealed an attorney

12

disciplinary investigation of client complaints that she ultimately rectified.  There is no doubt that Ms. Thomas-Bellamy's issues with her clients and her trust accounts were serious and important.  Nevertheless, in terms of severity, her misrepresentation related to behavior that was a far cry from bank fraud, *Emsean L. Brown*, 392 Md. at 45-46, driving while intoxicated, *Strzempek*, 407 Md. at 104, or a charge of felony theft, *Deirdre Paulette Brown*, 449 Md. at 675-76.

This case is also distinguishable from *Gilbert*, *Hunt*, and *Joehl*, where this Court disbarred attorneys after discovery of misrepresentations on their bar applications.  In those cases, the misrepresentations diverted the character committee from information about serious, criminal misconduct:  Gilbert's alleged involvement in his wife's murder, Hunt's acceptance of bribes in a tax evasion scheme, and Joehl's arrest for battery.  *Gilbert*, 307 Md. at 386; *Hunt* at 135; *Joehl* at 93.  The underlying behavior here (client communication failure) is not criminal.  Additionally, Ms. Thomas-Bellamy was not engaged in a "pattern of dishonesty over a prolonged period of time," *Joehl*, 335 Md. at 98; rather, her misrepresentation was a single, isolated event.

This case is more comparable to *Kepple* and *Poverman*, where this Court indefinitely suspended – but did not disbar – attorneys who made an isolated misrepresentation on a bar application.  Moreover, Ms. Thomas-Bellamy here has shown remorse and admitted her wrongdoing; the District of Columbia Court of Appeals specifically noted that she has "taken full responsibility for her misconduct" and has "fully cooperated" in the disciplinary proceedings.  *In re Thomas-Bellamy*, 125 A.3d at 1137.

13

Ms. Thomas-Bellamy has asked that any suspension be backdated to the date of the District of Columbia action in November 2015. That would have the effect of making the discipline imposed in this case entirely retroactive. She would be eligible for reinstatement immediately. In arguing for that disposition, her counsel points not only to the mitigating circumstances the District of Columbia Court of Appeals considered, but also to Ms. Thomas-Bellamy's statement that she was suffering from depression at the time she made this misrepresentation on her bar application. However, this Court generally has not been willing to excuse dishonest conduct on the basis of physical or mental ailments unless they are shown to be the "root cause" of the misconduct and rendered the attorney unable to conform to ethical norms. *Attorney Grievance Comm'n v. Vanderlinde*, 364 Md. 376, 413-14 (2001). Moreover, this Court recently rejected a similar argument when the attorney submitted documentation in the form of a letter from a psychiatrist providing some detail as to the diagnosis of his mental issues and its treatment. *Attorney Grievance Comm'n v. Allenbaugh,* 2016 WL 6299314 (October 27, 2016), slip op. at 32-33. In this case, we have nothing aside from the argument of counsel and Ms. Thomas-Bellamy's own description of her psychological condition. In any event, to make the sanction retroactive in this case would be little different than to impose no sanction at all and would send the wrong signal. We decline to do so.

### Conclusion

We conclude that substantially identical discipline is appropriate under Rule 19-737. Like the District of Columbia Court of Appeals, we appreciate the seriousness of Ms. Thomas-Bellamy's misconduct and consider her prior, related disciplinary proceedings as

14

an aggravating circumstance. Her frank admission of wrongdoing and her cooperation in the proceedings, however, are significant mitigation. Ms. Thomas-Bellamy shall remain indefinitely suspended from the practice of law in Maryland and may not apply for reinstatement for one year from the date of this decision.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 19-709, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST SANDY F. THOMAS-BELLAMY.**