OFFICE OF DISCIPLINARY COUNSEL *v.* CLARK.

[Cite as Disciplinary Counsel *v.* Clark (1988), 40 Ohio St. 3d 81.]

(No. D.D. 88-15—Submitted September 27, 1988—Decided December 14, 1988.)

*Swidler & Berlin, Andrew L. Lipps* and *Henry Kishman,* for relator.

*J. Warren Bettis,* disciplinary counsel, and *Karen B. Hull,* for respondent.

*Per Curiam.* The gravamen of respondent's position in this case is twofold. He first contends that since DR 1-102(A) refers specifically to conduct committed by lawyers, this court cannot discipline him for acts committed prior to his being admitted to the bar. Second, respondent asserts that the board's recommendation of permanent disbarment is unduly harsh.

DR 1-102(A) provides, in pertinent part:

"A lawyer shall not:

"* * *

"(3) Engage in illegal conduct involving moral turpitude.

"* * *

"(6) Engage in any conduct that adversely reflects on his fitness to practice law."

Respondent emphasizes that he committed his illegal acts prior to attaining his attorney status. Therefore, according to his argument, he has not engaged in any illegal conduct *as a lawyer,* such that DR 1-102(A)(3) may be applied to him. Respondent raises a similar claim with respect to his having violated DR 1-102(A)(6).

However, because respondent was convicted for his offenses after he became a member of the Ohio Bar, we do not find it necessary to pass upon whether he may be disciplined for conduct committed before his admission. Clearly, an attorney's conviction of felony charges relating to drug smuggling and tax evasion reflects adversely on his fitness to practice law. Furthermore, we find respondent's violation of DR 1-102(A)(6) so serious that it warrants severe disciplinary measures, regardless of whether he also violated DR 1-102(A)(3).

However, in light of the mitigating evidence presented, we do not consider permanent disbarment an appropriate sanction under these circumstances. Respondent has not been shown to be so lacking in character and fitness that he should be forever forbidden from regaining his professional status. Accordingly, we order that respondent be suspended indefinitely from the practice of law in Ohio and that he pay the costs of this proceeding.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, LOCHER, DOUGLAS and H. BROWN, JJ., concur.

HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. Under the circumstances of this case, I would permanently disbar the respondent.

WRIGHT, J., concurs in the foregoing dissenting opinion.