OPINION
{¶ 1} James R. Funderburg is appealing from his conviction of two counts of felonious assault and the misdemeanor of menacing by stalking, to which he pled guilty. He was sentenced to consecutive sentences of seven years imprisonment on each felonious assault count and a 180 day sentence on the misdemeanor charge, to run concurrently with the felony sentences.
 {¶ 2} Before sentencing Funderburg told the judge he wanted to "take back" his guilty plea. The court told him it would consider the matter if he filed a motion in writing.
 {¶ 3} Following sentencing, counsel for Funderburg filed a notice of appeal, a motion to withdraw the guilty plea, and a motion to correct the direct sentences, alleging the two felonious assault counts were allied offenses of similar import and should not have been subject to consecutive sentences. We remanded the case upon request of counsel for Funderburg to the trial court for the purpose of attaining the trial court's ruling on Funderburg's pending motion for correction of the sentence. Entry, August 17, 2001.
 {¶ 4} Subsequently, in a single entry, the trial court overruled both defendant's motions to withdraw guilty plea and motion to correct sentence. The findings and reasoning of the trial court are set forth in the following relevant portions of its entry.
 {¶ 5} "FACTS
 {¶ 6} "The records of the court reveal that the Defendant entered guilty pleas to two (2) counts of Felonious Assault and one (1) count of Menacing By Stalking on June 5, 2001. A third and fourth count of Felonious Assault were dismissed in exchange for the Defendant's pleas. The matter came on for sentencing on June 26, 2001. The Court has reviewed the video transcript from the entry of the plea and also the written transcript from the sentencing.
 {¶ 7} "At the time of sentencing, when the Defendant was asked if he had anything to say, he complained about the care he was receiving in the jail and then stated, `I just want to take back my guilty plea and take this to trial then.' The Court denied the Defendant's oral Motion to Withdraw his plea at that time and required the Defendant to submit the Motion to Withdraw his plea in writing if the Court was to proceed on the matter. The Motion to Withdraw the Guilty Plea was subsequently filed at the same time as the Motion to Correct Sentence.
 {¶ 8} "At the Hearing on the Motion to Withdraw the Plea, the Court heard the testimony of Attorney Robert Coughlin who represented the Defendant at the time of the plea and sentencing. Coughlin indicated that he filed the Motion to Withdraw the Plea because the Defendant stated at sentencing that he wished to withdraw his plea. Coughlin stated that there had been no agreement with the State about sentencing and no agreement about whether the Felonious Assault counts would be sentenced concurrently or consecutively. At the time of the sentencing, Coughlin indicated that he raised the issue that the Felonious Assault charges were allied offenses of similar import, and therefore, there could not be consecutive sentencing for these counts. The Court overruled the Motion at the time.
 {¶ 9} "The Defendant also took the stand at the Evidentiary Hearing. He complained that he believed, at the time of his pleas, that he would probably be sentenced somewhere in the middle of the road rather than the sentence that he did receive. He stated specifically though that after the pleas, he had a change of heart after he went back to the jail. He admitted that during the entire procedure, he was not to have any contact with the victim of the offense, although he did.
 {¶ 10} "ANALYSIS
 {¶ 11} "From the review of the plea itself, the Court finds that a thorough Criminal Rule 11 procedure was conducted and the Defendant fully appeared to understand the import of his actions. Furthermore, the Defendant executed Entries of Waiver and Plea forms indicating that he fully understood the nature of his actions at the time of the pleas. The Defendant entered these pleas in exchange for dismissal of two (2) additional Felonious Assault charges. The facts of the matter revealed from the Presentence Investigation are that the Defendant chased the victim in his vehicle, rammed her vehicle with his, and, after she exited, he chased her down, tried to strangle her with Christmas lights and then strangled her with an electrical cord until she was unconscious. The Court concludes at the time of his plea, that the Defendant acted voluntarily, intelligently and knowingly in pleading to two (2) of the four (4) major charges he was facing.
 {¶ 12} "Although a motion to withdraw a guilty plea before sentencing is more liberally granted than one made after sentencing, the Defendant is not entitled to withdraw his plea as a matter of right.State v. Xie (1992). There is nothing to indicate in the record of the Motion hearing that the Defendant was represented by anything other than highly competent counsel. He was afforded a full Criminal Rule 11 plea procedure. The Court concludes that the Defendant's reason for wanting to withdraw his plea was that he had a, `change of heart after he went back to the jail.' A change of heart is specifically not an adequate justification for a withdrawal of a guilty plea. State v. Zornes
(Montgomery County Ct. App. December 21, 2001) Case No. 2001-CA-38, 2001 Ohio App. LEXIS 5773, unreported. Accordingly, the Court determines that the Motion to Withdraw the Guilty Plea is not well taken and is DENIED.
 {¶ 13} "With respect to the Motion to Correct the Sentence, the Court finds that Motion should also be OVERRULED. The first count of the Indictment to which the Defendant plead charges him with Felonious Assault by means of a deadly weapon, being a car, with which he rammed the vehicle occupied by the complaining witness. The second count of the Indictment to which the Defendant plead charges him with Felonious Assault with respect to the Christmas lights with which the Defendant attempted to choke the complaining witness. The Court finds that these are not allied offenses of similar import for purposes of sentencing, even though they occurred as part of the same chain of events on December 16, 2000.
 {¶ 14} "CONCLUSION
 {¶ 15} "For the reasons detailed herein, the Motion to Withdraw Guilty Plea and Motion to Correct Sentence of the Defendant are OVERRULED."
 {¶ 16} Funderburg raises two assignments of error on appeal, as follows:
 {¶ 17} "1. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING.
 {¶ 18} "2. THE TRIAL COURT ERRED IN CONVICTING AND SENTENCING APPELLANT TO CONSECUTIVE SENTENCES ON THE TWO FELONIOUS ASSAULT COUNTS AS SUCH CHARGES CONSTITUTED ALLIED OFFENSES OF SIMILAR IMPORT."
 {¶ 19} As regards to the first assignment of error, this court has adhered to the ruling by the Supreme Court in State v. Xie (1992),62 Ohio St.3d 521, where the court held that a defendant does not have the absolute right to withdraw a guilty plea prior to his sentencing, and a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a plea and, furthermore, that a decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id., syllabus 1 and 2. It further held that "absent an abuse of discretion on the part of the trial court in making a ruling, its decision must be affirmed." Id. 527. For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that the trial court's ruling was "unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173.
 {¶ 20} In determining whether an abuse of discretion has occurred, this court has consistently adhered to the rules first set forth by the Court of Appeals for Cuyahoga County in State v. Peterseim
(1980), 68 Ohio App.2d 211, 22 O.O.3d 341, as follows in syllabus number 3:
 {¶ 21} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request."
 {¶ 22} This court has recently reaffirmed its adherence to that rule. See, e.g., State v. Priest, Greene App. No. 2001 CA 108, 2002-Ohio-1892.
 {¶ 23} As the first prong of Peterseim, this court recognizes that the accused here was represented by highly competent counsel as stated by the trial court. We have reviewed the entire record, and we find that Funderburg was given a full hearing, pursuant to Crim.R. 11, before he entered his plea, and he was given a complete and impartial hearing on his motion after he filed it, thus satisfying the second and third prongs of Peterseim above. Finally, we find that the trial court gave full and fair consideration to his plea withdrawal request. It found that there were inadequate reasons presented by Funderburg to justify the court granting him a withdrawal of his guilty plea. We have reviewed the record and we find that it fully supports the reasoning of the trial court. For instance, Funderburg's admission that his reason for wanting to withdraw his guilty plea was that he had a "change of heart after he went back to the jail," which appears in the transcript at page 35. We have held, as the trial court noted in its decision, that a "change of heart" is not sufficient justification for granting a motion to withdraw a guilty plea. State v. Zornes, Greene App. No. 2001 CA 38, 2001-Ohio-7019. The first assignment of error is overruled.
 {¶ 24} As to the second assignment of error, Funderburg argues, through his counsel, that he cannot be sentenced to consecutive sentences as to the two felony assault counts because they constitute allied offenses of similar import, under R.C. 2941.25. The two prongs of the test as to whether the State may obtain separate convictions are, first, a comparison of the elements of the two crimes. In this case, the charges are identical and, therefore, the elements are the same. The second test, however, is that conviction of both offenses may be obtained only if the court finds the crimes were committed separately or if there was a separate animus for each crime, citing Newark v. Vazirani (1990),40 Ohio St.3d 81. It is true that the two assaults were committed within a short period of time and they probably had the same animus. However, even though the separate acts of ramming the victim's car and choking the victim were part of the same series of events, they did have significant intervening facts, to-wit: Funderburg leaving his car and chasing the victim while grabbing a set of Christmas tree lights with which to choke her. The Ohio Supreme Court has held that even though the intervening acts may be of short duration, they nevertheless separate the offenses into separate identifiable offenses. State v. Jones (1997),78 Ohio St.3d 12. The trial court found this to be the case in reaffirming the consecutive sentences for these two separate felonious offenses, and we find that the trial court not only committed no abuse of discretion, but found correctly on the facts of this case. The second assignment of error is overruled, and the judgment is affirmed.
BROGAN, J. and GRADY, J., concur.