76 A.3d 1214

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Mark Edward HUNT.

Misc. Docket AG No. 1, Sept. Term, 2012.

Court of Appeals of Maryland.

Oct. 1, 2013.

134

Marianne J. Lee, Assistant Bar Counsel (Glenn M. Grossman, Bar Counsel, Attorney Grievance Commission of Maryland), for Petitioner.

No argument on behalf of Respondent.

Argued before BARBERA, C.J., HARRELL, BATTAGLIA, GREENE, ADKINS, McDONALD and BELL,* JJ.

BELL, C.J. (Retired).

Prior to being admitted to the bar of the State of Maryland on June 16, 2009, Mark Edward Hunt, the respondent, was, and had been since 1996, a Revenue Officer with the Internal Revenue Service ("IRS"). While so employed, he engaged in criminal activity with an individual named Irvin Hannis Catlett, Jr., who operated a business called Tax Resolutions, Inc., a vehicle for tax evasion. Through this business, individual income tax returns showing "bogus" tax losses from a purported car leasing and sales company were prepared and filed. In exchange for monetary payments, the respondent provided Catlett with confidential taxpayer information. He also permitted Catlett to introduce him to his clients as Catlett's "man on the inside" of the IRS, thus assuring Catlett's clients and potential clients "that the tax returns to be prepared by Catlett's company . . . would not be the subject of adverse IRS actions." The respondent knew when he engaged in the criminal conduct that it was wrong, and he has admitted as much.[1] Indeed, he plead guilty on September 8, 2010 to, and was sentenced on June 26, 2011 for, the unauthorized disclosure of return and return information in violation of 26 U.S.C. § 7213(a)(1).[2]

---

* Bell, C.J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. The respondent testified at Catlett's trial, admitting accepting bribes in exchange for confidential taxpayer information and other criminal acts in connection with his relationship with Catlett. He similarly admitted his criminal conduct in the Statement of Facts incorporated into his plea agreement.

2. 26 U.S.C. § 7213(a)(1) provides:
   "(a) Returns and return information.—

The respondent finished law school in 1993, and subsequently took the Maryland bar examination multiple times without success. In order to take the examination, he had first to file a Bar Application, which was good for 5 years before having to be renewed. The respondent filed a new Bar Application in 2005. Question 17 on that application inquired:

"Have there been any circumstances or unfavorable incidents in your life, whether at school, college, law school, business or otherwise, which may have a bearing upon your character or your fitness to practice law, not called for by the questions contained in this questionnaire or disclosed in your answers?

"If so, give full details, including any assertions or implication of dishonesty, misconduct, misrepresentation, financial irresponsibility, and disciplinary measures imposed (if any) by attaching a supplement[al] statement. . . . "

The respondent answered that question, "no." The information about his criminal activity over a five-year period while he was an Internal Revenue Service agent, was material to the determination of the respondent's qualification to practice law, and its disclosure would have been responsive to question 17.

The respondent passed the February 2009 bar examination. Several months earlier, at the end of October 2008, after an interview with a federal agent, Catlett had learned that criminal charges against him were imminent. That was confirmed by his lawyer shortly after he received his bar examination results. He advised the respondent that he would be prose-

---

"(1) Federal employees and other persons.—It shall be unlawful for any officer or employee of the United States or any person described in section 6103(n) (or an officer or employee of any such person), or any former officer or employee, willfully to disclose to any person, except as authorized in this title, any return or return information (as defined in section 6103(b)). Any violation of this paragraph shall be a felony punishable upon conviction by a fine in any amount not exceeding $5,000, or imprisonment of not more than 5 years, or both, together with the costs of prosecution, and if such offense is committed by any officer or employee of the United States, he shall, in addition to any other punishment, be dismissed from office or discharged from employment upon conviction for such offense."

cuted if the United States Attorney "decided that such a course of action would be in the best interests of the government." Notwithstanding this knowledge and despite having committed, in his 2005 application,[3] to do so in writing should there be "any changes in the information disclosed in or sought by this questionnaire, including any pertinent facts developed after the initial filing of this application and the facts of any incident occurring subsequent to the initial filing of this application," the respondent did not supplement the application in regard to his criminal activities with Mr. Catlett or the impending prosecution by the federal government.

The respondent did supplement his application, by letter dated April 6, 2009, as to a December 31, 2007 breaking and entering charge that was entered "nolle prosequi." Thereafter, the respondent, on May 3, 2009, signed and sent to the Maryland Board of Law Examiners his Affirmation Form, affirming under penalties of perjury that "no changes had taken place with respect to his personal situation which would reflect unfavorably on his qualifications to be admitted to the Maryland Bar." Nor did the respondent inform Robert Ferguson, Esq., the Character Committee member who conducted

---

**3.** Just above the signature line, designated as 19, was a statement of the applicant's continuing duty to update the information contained in the application. It provided:

"Affirmation of Applicant's Duty of Full, Candid Disclosure and Applicant's Continuing Duty to Submit Written Notice of Changes to Information Sought by the Application: I understand that the required disclosures in this questionnaire are of a continuing nature. I hereby acknowledge my duty to respond fully and candidly to each question or required disclosure and to ensure that my responses are accurate and current at all times until I am formally admitted to the Bar of the State of Maryland. I will advise the Board immediately and in writing of any changes in the information disclosed in or sought by this questionnaire, including any pertinent facts developed after the initial filing of this application and the facts of any incident occurring subsequent to the initial filing of this application.

"I do solemnly declare and affirm under the penalties of perjury, that the matters and facts set forth in the foregoing application are true and correct.

"I have made and retained a copy of this entire application for my records and for use in the event that the original is lost in the mail or during the character investigation."

his character investigation, of his criminal activities between 1999 and 2004 or that criminal charges against him were being contemplated by the United States Attorney's office. Had he done so, Mr. Ferguson would not have recommended him for admission.

The respondent was indicted on March 10, 2010.[4] Thereafter, he, acting through his criminal counsel, informed the Attorney Grievance Commission of Maryland ("the petitioner") that he had been indicted. The petitioner, acting through Bar Counsel and pursuant to Maryland Rule 16–751(a),[5] filed a Petition for Disciplinary or Remedial Action against the respondent. The petitioner alleged that the respondent violated Rules 8.1, Bar Admissions and Disciplinary Matters,[6] and 8.4, Misconduct,[7] of the Maryland Lawyers' Rules of Professional Conduct ("MLRPC"), as adopted by Maryland Rule 16–812.

---

**4.** The indictment charged, *inter alia*, that the respondent, while an IRS Revenue Officer, accepted payments from Catlett in return for IRS taxpayer information and permitted himself to be introduced as Catlett's "man on the inside" of the IRS.

**5.** Maryland Rule 16–751(a) provides, in relevant part:
"(a) *Commencement of disciplinary or remedial action.* (1) Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

**6.** Rule 8.1 of the Maryland Lawyers Rules of Professional Conduct ("MLRPC") provides:
"An applicant for admission or reinstatement to the Bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
"(a) knowingly make a false statement of material fact; or
"(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

**7.** MLRPC 8.4(a)-(d) provide:
"It is professional misconduct for a lawyer to:
"(a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
"(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects

■    Pursuant to Maryland Rule 16–752(a), we referred the Petition to the Honorable Michael W. Reed of the Circuit Court for Baltimore City, for the evidentiary hearing required by Maryland Rule 16–757.[8]    Following that evidentiary hearing, Judge Reed issued, pursuant to Maryland Rule 16–757(c),[9] the Findings of Fact set out above.    From those findings of fact, he concluded that the respondent violated MLRPC 8.1(a) and (b) and 8.4(b), (c), and (d).

With regard to the MLRPC 8.1(b) violation, Judge Reed, having determined that the information concerning the respondent's criminal activities from 1999 to 2004 was material, as it would have impacted the admission authority's assessment of his qualification to practice law,[10] concluded that the

------

"(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
"(d) engage in conduct that is prejudicial to the administration of justice[.]"

**8.**    Maryland Rule 16–757 provides, in relevant part:
"(a) *Generally.* The hearing of a disciplinary or remedial action is governed by the rules of evidence and procedure applicable to a court trial in a civil action tried in a circuit court.    Unless extended by the Court of Appeals, the hearing shall be completed within 120 days after service on the respondent of the order designating a judge. Before the conclusion of the hearing, the judge may permit any complainant to testify, subject to cross-examination, regarding the effect of the alleged misconduct.    A respondent attorney may offer, or the judge may inquire regarding, evidence otherwise admissible of any remedial action undertaken relevant to the allegations.    Bar Counsel may respond to any evidence or remedial action."

**9.**    Maryland Rule 16–757(c) states:
"(c) *Findings and conclusions.*    The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law.    If dictated into the record, the statement shall be promptly transcribed.    Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing.    The clerk shall mail a copy of the statement to each party."

**10.**    Judge Reed cited *Attorney Grievance Comm'n v. Gilbert,* 307 Md. 481, 515 A.2d 454 (1986) for another definition of "materiality," as information that "has the effect of inhibiting efforts of the bar to

violation was shown by his failure to disclose that information in the first instance when he submitted his application, as well as by his failure to update his application as required and to which he had agreed. That failure of disclosure, both when the application was submitted and later, during the time of its pendency, was intentional, Judge Reed also concluded, citing the respondent's choice, which Judge Reed characterized as "purposeful and artful," "to disclose only the criminal activity that he did not believe would impact negatively on his Bar Application, that is, the criminal matter that resulted in a nolle prosequi" and the lack of a plausible explanation for the non-disclosure "other than that he 'forgot.' " [11]

The respondent's signing and submitting of the Affirmation Form, in which he affirmed that the status quo *ante* remained the case as of the date of its submission, is the basis for Judge Reed's conclusion that the respondent violated MLRPC 8.1(a) and (b). As he explained:

"The Respondent's declaration and affirmation were false. The Respondent was fully aware as of March 10, 2009 that he may be prosecuted by the U.S. Attorney's Office for having engaged in criminal activities with Catlett from 1999–2004. That information was clearly material in determining his character and fitness to practice law. Nevertheless, the Respondent intentionally submitted a false Affirmation to the Maryland Board of Law Examiners. The Respondent, therefore, violated MRPC 8.1(a). The Respondent's false Affirmation also failed to disclose a fact necessary to correct a misapprehension to the admissions authori-

---

determine an applicant's fitness to practice law." As we see it, this is just the other side of the same coin.

11. Judge Reed rejected another basis offered by the respondent for non-disclosure of the possible pending criminal charges, that he was under the "mistaken belief" that disclosure was required only after he had been charged and convicted. Judge Reed also credited expert testimony, given by the Director of Character and Fitness of the Maryland State Board of Law Examiners, and Mr. Ferguson of the Character Committee for the Sixth Appellate Circuit, that charge and conviction was not a prerequisite to his disclosure obligation.

ty. The Respondent failed to, again, with his Affirmation disclose his criminal conduct during 1999–2004 to the Maryland [State] Board of Law Examiners. The Respondent, therefore, also violated MRPC 8.1(b)."

The respondent's conviction, pursuant to the plea agreement, is the basis for the MLRPC 8.4(b) violation. In drawing this conclusion, the hearing judge rejected the respondent's argument that, because he was not a lawyer when the criminal acts forming the basis for the conviction were committed, from 1999–2004, 5 years before he was admitted to the bar, that Rule does not apply. Instead, the hearing judge relied on *Office of Disciplinary Counsel v. Clark,* 40 Ohio St.3d 81, 531 N.E.2d 671, 672 (1988) *reinstatement granted sub nom. Disciplinary Counsel v. Clark,* 66 Ohio St.3d 1223, 614 N.E.2d 758 (1993). There, the lawyer was found to have violated DR 1–102(A)(3) and (6), which provided:

"A lawyer shall not:

\* \* \*

"(3) Engage in illegal conduct involving moral turpitude.

\* \* \*

"(6) Engage in any conduct that adversely reflects on his fitness to practice law."

Challenging the conclusion that he violated these Rules, the attorney in *Clark* emphasized that he committed his illegal acts prior to becoming an attorney and, therefore, neither DR 1–102(A)(3) nor DR 1–102(A)(6) may be applied to him. The Supreme Court of Ohio, rejecting that argument, opined:

"However, because respondent was convicted for his offenses after he became a member of the Ohio Bar, we do not find it necessary to pass upon whether he may be disciplined for conduct committed before his admission. Clearly, an attorney's conviction of felony charges relating to drug smuggling and tax evasion reflects adversely on his fitness to practice law. Furthermore, we find respondent's violation of DR 1–102(A)(6) so serious that it warrants

severe disciplinary measures, regardless of whether he also violated DR 1–102(A)(3)."

*Clark*, 531 N.E.2d at 672.

With regard to MLRPC 8.4(c), Judge Reed concluded:

"After Respondent was admitted to the Maryland Bar on June 16, 2009, the Respondent did nothing to correct his omission to either the admissions authority or the disciplinary authority. Even after active discussions with the U.S. Attorney's Office concerning implications of criminal charges that would be filed against him, as clearly evidenced in [the respondent's lawyer]'s March 10, 2009 letter, Respondent deliberately remained silent until a formal indictment was filed against him one year later, on March 10, 2010. The Respondent, by way of his omission, concealed from both the disciplinary authority and admissions authority, his involvement in the criminal activities with Catlett. The Respondent's omission of such material information was purposeful and calculating with the intent to deceive the admissions authority in their admissions process to avoid the possibility of being denied admission to the Bar. Even after his admission to the Bar, Respondent continued to engage in dishonest conduct by claiming that his alcohol problem contributed to his failure to disclose his criminal activities in 1999–2004 in his 2005 Bar Application, all the while never having disclosed the alcohol problem in the same application. The Respondent's deliberate, continual failure to disclose his criminal activities of 1999–2004 to the admissions authority violated MRPC 8.4(c)."

Finally, Judge Reed concluded that "[t]aken in its totality, the Respondent's conduct was prejudicial to the administration of justice, and therefore violated M[L]RPC 8.4(d)." He also determined that the respondent had not provided any evidence to mitigate his misconduct.

Neither the petitioner nor the respondent has filed exceptions to the Findings of Fact and Conclusions of Law. Accordingly, as to the former, we shall "treat the findings of fact as established for the purpose of determining appropriate sanc-

tions, if any." Maryland Rule 16–759(b)(2)(A). On the other hand, we "shall review de novo the circuit court judge's conclusions of law," as Rule 16–759(b)(1) mandates that we do. Our de novo review of the conclusions of law drawn by Judge Reed convinces us that they are supported by the facts found, and so we shall accept and adopt them.

■ Turning to the question of the appropriate disposition,[12] the petitioner filed its *Petitioner's Recommendation for Sanctions*. It is that the respondent be disbarred. Relying on *Attorney Grievance Comm'n v. Joehl,* 335 Md. 83, 95, 642 A.2d 194, 200 (1994), in which the attorney failed to disclose that his license had been suspended multiple times and he had been arrested for battery, and *Attorney Grievance Comm'n v. Gilbert,* 307 Md. 481, 515 A.2d 454 (1986), in which the attorney did not disclose a civil suit in which he was plaintiff, and particularly this Court's admonition that "no moral character qualification to practice law is more important than truthfulness and candor," *Id.* at 496, 515 A.2d at 461–62, the petitioner reasons:

> "In the instant case, the Respondent was found to have deliberately failed to disclose to the admissions authority his acceptance of bribes and illegal disclosure of confidential taxpayer information to a convicted felon in exchange for cash during his employment with the IRS as a Revenue Officer. He engaged in such criminal activities for five (5) years, from 1999 to 2004. He 'purposefully and artfully' omitted his criminal activities from his Bar Application and submitted a false Affirmation to the Board of Law Examiners.... Judge Reed found that '[t]he Respondent's omission of such material information was purposeful and calculating with the intent to deceive the admissions authority in their admissions process to avoid the possibility of being denied

---

**12.** The respondent did not appear for oral argument. On that same date, the Court issued an order disbarring the respondent, opinion to follow. *Attorney Grievance Comm'n v. Hunt,* 429 Md. 523, 56 A.3d 785 (2012).

admission to the Bar.' . . . The Respondent's unmitigated intentional dishonest conduct warrants disbarment."

We agree with this analysis and, accordingly, adopt the petitioner's recommendation. For these reasons, we disbar the respondent.