*Attorney Grievance Commission v. Dennis Alan Van Dusen*
Misc. Docket AG No. 5, September 2014 Term


**Attorney Discipline - Intentional Omission of Material Facts in Connection with Bar Admission - Criminal Conduct involving Deceit - Disbarment**. Disbarment is the appropriate sanction when an applicant for admission to the bar who had secretly recorded, in intimate circumstances, female tenants who rented rooms in his house over a two-year period and whose conduct was discovered by the tenants and police shortly before his bar admission ceremony, failed to disclose that criminal conduct to the State Board of Law Examiners, the Attorney Grievance Commission, or the Court of Appeals. That conduct, and the failure to disclose it, not only involved deceit, but also demonstrated a lack of trustworthiness and was prejudicial to the administration of justice.

MLRPC 8.1(a) & (b), and 8.4(a), (b), (c) & (d).

Circuit Court for Montgomery County
Case No. 29833-M
Argued: May 7, 2015

IN THE COURT OF APPEALS

OF MARYLAND

AG No. 5

September Term, 2014

_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

DENNIS ALAN VAN DUSEN

_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Opinion by McDonald, J.

_____

Filed: June 23, 2015

A lawyer must, at a minimum, be trustworthy. One who wants to be a lawyer in Maryland must disclose to the State Board of Law Examiners ("SBLE") and this Court information that bears on that trait. Failure to satisfy those requirements may prevent admission to the bar or, when discovered, result in disbarment.

We have disbarred the newly-admitted lawyer who is the respondent in this disciplinary proceeding and now set forth the reasons why we took that action. To explain our decision, we need not catalog precisely what past indiscretions an applicant must recall and reveal in a bar application. It suffices to say that an applicant who is engaged in ongoing criminal conduct while the application is pending must disclose it to SBLE and this Court. And it is self evident that an applicant who, as a landlord, uses hidden cameras to secretly view and record his tenants in their private bedrooms in intimate moments, without their knowledge or consent, is not trustworthy.

# I

## Background

### A.    *Procedural Context*

On April 12, 2014, the Attorney Grievance Commission ("Commission") charged Dennis Alan Van Dusen with violating several provisions of the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") arising out of Mr. Van Dusen's criminal conduct while his application for admission to the Maryland Bar was pending. Specifically, the Commission charged Mr. Van Dusen with violating MLRPC 3.3(a) (candor toward the tribunal), 8.1(a) and (b) (material false statements and deliberate omissions in bar admission matters), and 8.4(a), (b), (c), and (d) (misconduct).

Pursuant to Maryland Rule 16-752(a), this Court designated Judge Anne K. Albright of the Circuit Court for Montgomery County to conduct a hearing concerning the alleged violations and to provide findings of fact and recommended conclusions of law. In January 2015, after holding an evidentiary hearing at which Mr. Van Dusen testified and was represented by counsel, the hearing judge issued her findings of fact and conclusions of law. The hearing judge concluded that Mr. Van Dusen violated MLRPC 8.1(a) and (b), and MLRPC 8.4(a), (b), (c), and (d), but that the Commission did not prove by clear and convincing evidence that Mr. Van Dusen violated MLRPC 3.3(a).

Neither the Commission nor Mr. Van Dusen filed exceptions to the hearing judge's findings of fact or conclusions of law. On May 7, 2015, we heard oral argument concerning the appropriate sanction. On May 8, 2015, we issued a per curiam order disbarring Mr. Van Dusen, effective immediately.[1]

## B. Facts

The hearing judge's fact findings are uncontested and we treat them as established. Maryland Rule 16-759(b)(2)(A). The following summarizes those findings, the parties' stipulations, and undisputed facts in the record:

*Pre-Law Background*

Mr. Van Dusen served in the Marines from 1966 to 1973, including service as a sergeant in Vietnam from 1970 to 1972. After his discharge from the military, he earned

---

[1] On May 20, 2015, Mr. Van Dusen filed a motion for reconsideration of the disbarment order. We denied that motion on May 21, 2015.

several advanced degrees from Penn State University and Harvard University, including degrees in computer science, applied mathematics, and engineering. During the 1970s, 1980s, and 1990s, Mr. Van Dusen was employed by several electronics businesses, designed new technologies, and started several of his own businesses. In 2006, Mr. Van Dusen decided to change his career path and entered law school at the University of the District of Columbia. He graduated in 2009.

*Bar Application*

Mr. Van Dusen applied for admission to the Maryland Bar in May 2009.[2] Question 18 of his application for admission asked:

> Have there been any circumstances or unfavorable incidents in your life, whether at school, college, law school, business or otherwise, which may have a bearing upon your character or fitness to practice law, not called for by the questions contained in this questionnaire or disclosed in your answers?

Mr. Van Dusen answered "No." In completing the application, he acknowledged under oath that he had a duty to ensure that his responses were accurate and current at all times until he was formally admitted to the Maryland Bar. In particular, he represented in the application that he would advise SBLE immediately and in writing of any changes in the information disclosed in or sought by the application for admission, including the facts of any incident occurring subsequent to the initial filing of the application.

---

[2] Mr. Van Dusen later applied for admission to the District of Columbia Bar, but has apparently not pursued that application as a result of the circumstances underlying this case.

Mr. Van Dusen's application was delayed as a result of the investigation by the local Character Committee. That committee, in a divided vote, recommended to SBLE that he not be admitted. A majority of the committee was concerned with Mr. Van Dusen's perceived litigiousness and questions about his financial responsibility. SBLE undertook its own consideration of his application. Ultimately, in April 2012, the SBLE, also by a divided vote, recommended to this Court that he be admitted to the Maryland Bar.

*Surreptitious Surveillance of Tenants*

During the time his bar application was pending Mr. Van Dusen lived in his home in Chevy Chase, Maryland. From September 2009 through October 2012, he rented bedrooms in his house to young women. Although common areas of the house such as the kitchen, living room, and bathrooms were shared, it was understood that each tenant had a private bedroom.

In August 2010, Mr. Van Dusen returned from a trip to Thailand with tiny cameras that could be remotely operated. Mr. Van Dusen installed the cameras in hidden locations in the bedrooms rented by his tenants. In a bedroom rented by Rebecca Prywes, a camera was hidden in a smoke detector mounted over her bed. Mr. Van Dusen was able to turn the camera to direct it to different areas of the room. In a bedroom rented by Ala Malova, a camera was hidden in an outlet under a desk and was pointed at her bed. Ms. Malova returned home one day to find that Mr. Van Dusen had replaced her mirror in her bedroom with a larger mirror that he had purchased. Mr. Van Dusen told her that her mirror had fallen off the wall and broken and that he wanted to replace it. A second hidden camera in that

room then recorded Ms. Malova's reflection in the larger mirror. Each camera worked on sensors that activated the camera when someone entered the room or when the lighting in the room changed.[3] The video images obtained by the cameras were transmitted to Mr. Van Dusen's computer where he could view and retain them.

Mr. Van Dusen knew that secretly recording a tenant in private without the tenant's consent was illegal, unethical, and an invasion of the tenant's privacy. During this proceeding, Mr. Van Dusen attributed his behavior to a number of stressors in his life that he said affected his conduct while his bar application was pending before the Character Committee.[4] Noting that Mr. Van Dusen did not introduce evidence other than his testimony on these factors and expressing some doubt about his credibility, the hearing judge declined to credit that testimony. She did, however, find that Mr. Van Dusen was under stress generally, whether as a recent law graduate or due to the ongoing Character Committee investigation.

*Court of Appeals Hearing*

Mr. Van Dusen's intrusion on his tenants' privacy remained undetected when, as noted above, SBLE ultimately recommended in favor of his admission to the Maryland Bar.

---

[3] The record indicates that Mr. Van Dusen also placed a hidden camera in the bedroom of a third tenant, for the purpose of secretly observing and recording her. She did not testify in this proceeding.

[4] Among the factors cited by Mr. Van Dusen were his financial difficulties, student loans, a lawsuit he had brought against his law school, lack of job prospects, his attempts to resurrect his marriage, his attempts to apply for a patent, and his obligations to care for other individuals.

In connection with that recommendation, a hearing was held in this Court on October 4, 2012. *See In the Matter of the Application of Dennis Alan Van Dusen for Admission to the Maryland Bar*, Court of Appeals of Maryland, Misc. Docket No. 6, September Term, 2012.

Mr. Van Dusen appeared before this Court on his own behalf. During his presentation to the Court concerning his fitness to be an attorney, Mr. Van Dusen expressly stated that, in the interim since SBLE had recommended his admission, he had not engaged in any criminal conduct. As he later admitted, when he made this statement, Mr. Van Dusen knew it to be an "absolute ... downright lie" because he knew that his video recording of his tenants without their knowledge was illegal.

Following the hearing, the Court decided to admit Mr. Van Dusen to the Maryland Bar. The swearing-in ceremony was scheduled for November 1, 2012.

*Discovery of the Hidden Cameras*

On October 12, 2012, one week after Mr. Van Dusen's appearance before this Court but before he took the oath to join the bar, the hidden cameras were discovered. One of the tenants, Ms. Prywes, and her boyfriend, Keith Woodhams, discovered the camera hidden in the smoke detector mounted over her bed. Ms. Prywes contacted the Montgomery County Police Department and an officer arrived at the scene and took photographs of the camera and smoke detector. The officer, Ms. Prywes, and Mr. Woodhams then left the house. After they left, Mr. Van Dusen entered Ms. Prywes' room, saw the smoke detector with the hidden camera dangling from the ceiling, cut the smoke detector and camera down, placed the camera in a box elsewhere in the house, and replaced it with a working smoke detector.

6

Shortly thereafter, Ms. Prywes returned to the house to retrieve her belongings and saw Mr. Van Dusen leave the house with a trash bag. Ms. Prywes later saw Mr. Van Dusen return to the house without the trash bag. The police attempted to interview Mr. Van Dusen that night, but he declined to answer any questions.

A few days later, Mr. Van Dusen sent text messages to at least two tenants indicating that he was willing to discuss settlement with them before they filed a claim against him, but not afterward. The hearing judge found that Mr. Van Dusen sent these messages because he wanted to limit the disclosure of his activities.

According to Mr. Van Dusen, he then consulted with an attorney as to whether he should still attend the November 1 swearing-in and was advised to attend the ceremony and obtain his Maryland law license. Mr. Van Dusen testified that he was aware that this legal advice was questionable and he later fired the attorney for providing such advice. The hearing judge found Mr. Van Dusen's testimony regarding the advice he received from this attorney to be inconsistent and not credible.

*Swearing-in Ceremony*

Mr. Van Dusen appeared in this Court on November 1, 2012 and took the oath to become a member of the Maryland Bar at that time.

Mr. Van Dusen did not alert the Court – or SBLE or the Commission – concerning his use of hidden cameras to spy on his tenants, nor the police investigation that had followed its discovery a few weeks earlier by Ms. Prywes.

7

*Criminal Charges*

On December 13, 2012, a statement of charges was filed against Mr. Van Dusen in the District Court of Maryland, sitting in Montgomery County, charging him with 15 misdemeanor counts related to his surreptitious viewing and recording of his female tenants.[5] Mr. Van Dusen asked for a jury trial and the case was transferred to the Circuit Court for Montgomery County. According to Mr. Van Dusen, he informed the District of Columbia Bar of the criminal charges and withdrew his application for admission in that jurisdiction. However, he did not inform SBLE, the Commission, or this Court.

*Civil Actions*

In December 2012 and January 2013, Ms. Prywes, Mr. Woodhams, and Ms. Malova filed civil actions against Mr. Van Dusen relating to his surreptitious viewing and recording of them. In January 2013, Ms. Prywes and Mr. Woodhams sought a prejudgment attachment of Mr. Van Dusen's home in Chevy Chase. The trial court initially denied the motion. In March 2013, Ms. Prywes and Mr. Woodhams refiled the motion to attach, which the court granted.

Between the initial attempt to attach his house in January 2013 and the second attempt in March 2013, Mr. Van Dusen transferred title to the house from himself as sole owner to himself and his estranged wife as tenants by the entirety. (At that time, Mr. Van Dusen had

[5] The statement of charges alleged violations of Maryland Code, Criminal Law Article, §§3-901(c) (visual surveillance of individual in private place without consent), 3-902(c) (visual surveillance of individual in private place without consent and with prurient intent), and 3-903(c) (placement of camera in private residence for surreptitious observation of individual).

8

been separated from his wife for approximately 10 years; his wife's name had never been on the deed before.[6]) Mr. Van Dusen's wife later signed a quitclaim deed transferring title back to Mr. Van Dusen as sole owner. In an arrangement apparently negotiated between Mr. Van Dusen's son and the attorneys for the plaintiffs in the civil actions, the property was sold to an investment company related to the son and listed for sale. Under the agreement, Mr. Van Dusen was to receive credit for three times the actual amount of money paid to the victims with the "surplus" credit applied to their liens on the property.

All three plaintiffs prevailed in a jury trial on the civil actions and obtained judgments against Mr. Van Dusen. The judgment in favor of Ms. Prywes was approximately $1,000,000, the judgment in favor of Mr. Woodhams was approximately $400,000, and the judgment in favor of Ms. Malova was approximately $600,000. As of the time of the hearing in this proceeding, Ms. Malova, Mr. Woodhams, and Ms. Prywes had collected some but not all of the judgment.

*Criminal Conviction*

On April 16, 2013, Mr. Van Dusen entered guilty pleas as to three counts of violating Maryland Code, Criminal Law Article ("CR"), §3-902(c) (visual surveillance of an individual in a private place without consent and with prurient intent), for surreptitiously recording three different tenants on August 12, 2011, February 1, 2012, and September 16,

---

[6] Mr. Van Dusen testified before the hearing judge that the transfer of title was part of an effort to reconcile with his wife. The hearing judge did not find this testimony credible.

9

2012, respectively. (During the course of these disciplinary proceedings Mr. Van Dusen also admitted to illegally recording his tenants on January 21, 2012.)

Mr. Van Dusen was sentenced on July 2, 2013 to three years incarceration, all suspended, and placed on five years supervised probation.[7] He was also fined $2,500. The State entered a nolle prosequi as to the remaining counts.

*Mental Health & Treatment*

In 2002, Mr. Van Dusen had been briefly hospitalized when he reportedly threatened to take his own life. In May 2010, Mr. Van Dusen had an initial mental health evaluation and psychological consultation at the Veterans Administration Hospital. At that time he complained of various stressors, including the bar exam and his living arrangements. He declined a referral to mental health services due to his concerns about passing the character and fitness evaluation of the bar admission process.

During the hearing in this matter, the Commission offered the testimony of psychiatrist Jeffrey S. Janofsky, MD, who was accepted by the hearing judge as an expert. According to Dr. Janofsky, at the time of the surreptitious videotaping, Mr. Van Dusen was suffering from Voyeuristic Disorder and Major Depressive Disorder – Mild. Dr. Janofsky defined Voyeuristic Disorder as a sexual urge or desire to spy on others engaging in sex or undressing that is acted on with a non-consenting person or which causes clinically

---

[7] Specifically, Mr. Van Dusen was sentenced to one year incarceration for each of the three counts, to run consecutively. Each of the sentences was suspended and he was placed on five years supervised probation under a number of standard and special conditions.

significant distress or impairment in social, occupation or other areas of functioning. Dr. Janofsky testified that Mr. Van Dusen had the capacity to appreciate that his conduct was wrong and to control the behavior but chose not to.

Dr. Janofsky described the treatment that he understood Mr. Van Dusen had obtained for his condition. As of the fall of 2014, Mr. Van Dusen was receiving weekly psychotherapy and taking a low dose of antidepressant medication. He was also attending a weekly meeting of Sex and Love Addicts Anonymous, a 12-step program modeled on Alcoholics Anonymous. Dr. Janofsky testified that he believed that the 12-step program would be ineffective because the group was not led by a professional.[8]

Mr. Van Dusen introduced the deposition testimony of Lawrence Stouter, a licensed clinical professional counselor, who had evaluated Mr. Van Dusen in connection with the criminal case. Mr. Stouter was qualified by the hearing judge as an expert in professional counseling. Mr. Stouter diagnosed Mr. Van Dusen as suffering from bipolar disorder, sex addiction, and severe depressive disorder of a recurrent nature. Dr. Janofsky disagreed with Mr. Stouter's diagnosis but agreed with Mr. Stouter's recommendations to the extent they called for sex-specific treatment with a trained professional.

---

[8] At oral argument before us Mr. Van Dusen took issue with some of Dr. Janofsky's testimony and asserted that the 12-step program in which he was participating had been endorsed by Dr. Janofsky's own clinic. We need not resolve the merits of Dr. Janofsky's prescription versus a 12-step program. It has no bearing on the sanction we impose, as there is no question that Mr. Van Dusen committed serious violations of the MLRPC and that he was able to control his conduct at that time. *See* Part III of this opinion below.

11

The hearing judge noted areas of agreement and disagreement between Dr. Janofsky and Mr. Stouter and ultimately concluded that Dr. Janofsky's opinions were supported by clear and convincing evidence.

## II

## Discussion

The hearing judge concluded that Mr. Van Dusen violated MLRPC 8.1(a) and (b) and 8.4(a), (b), (c), and (d), but that Mr. Van Dusen did not violate MLRPC 3.3(a). We review the hearing judge's conclusions of law *de novo* – *i.e.*, without any special deference. Maryland Rule 16-759(b)(1).

### *MLRPC 3.3 (candor toward the tribunal)*

MLRPC 3.3 states in relevant part:

> A lawyer shall not knowingly:
>
> (1)     make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
>
> (2)     fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client ...

MLRPC 3.3, by its plain language, applies to a "lawyer." This Court has not previously considered whether a bar applicant violates MLRPC 3.3 by making a false statement to this Court in connection with an application for admission. The hearing judge concluded that Mr. Van Dusen did not violate MLRPC 3.3 because Mr. Van Dusen was not a lawyer when he appeared before this Court on October 4, 2012 and falsely asserted that he

12

had not engaged in criminal conduct. The Commission has not excepted to that legal conclusion. We agree that, based on the plain language of MLRPC 3.3, the rule does not apply to an applicant. As a comment to the rule indicates, it is directed at attorneys acting in a representational capacity. *See* MLRPC 3.3 Comment [1] (stating this rule "governs the conduct of a lawyer who is representing a client in the proceedings of a tribunal ... [and] when the lawyer is representing a client in an ancillary proceeding ....").  This conclusion is also implicitly confirmed by MLRPC 8.1, which includes a substantially similar proscription against false statements that is specific to bar applicants.

### *MLRPC 8.1 (material false statement or omission in bar admission matter)*

MLRPC 8.1(a) prohibits a bar applicant from "knowingly mak[ing] a false statement of material fact." This means that an applicant must respond to each question on the application for admission to the Maryland Bar truthfully and completely. The failure to report material information – that is, information that may influence the assessment of the applicant's fitness to practice law – is a violation of MLRPC 8.1(a). *Attorney Grievance Comm'n v. Kepple*, 432 Md. 214, 229, 68 A.3d 797 (2013) (failure to disclose on application that applicant had lied to law school in order to receive reduced tuition); *Attorney Grievance Comm'n v. Gilbert*, 307 Md. 481, 493, 515 A.2d 454 (1986) (failure to disclose civil suit); *Attorney Grievance Comm'n v. Keehan*, 311 Md. 161, 533 A.2d 278 (1987) (concealment of employment history). MLRPC 8.1(b) requires an applicant to "disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter" and to respond truthfully and completely to any lawful demand for information from a bar

13

admissions authority.  In particular, a deliberate failure to report prior criminal activity is a violation of MLRPC 8.1 as prior criminal conduct is material to an applicant's fitness to practice law.  *See Attorney Grievance Comm'n v. Hunt,* 435 Md. 133, 140, 76 A.3d 1214 (2013) (applicant violated MLRPC 8.1(a) and (b) by failing to disclose prior criminal conduct on bar application or update application once he had reason to know he would be criminally investigated).

Mr. Van Dusen violated MLRPC 8.1 by knowingly making a false statement of material fact to this Court regarding his suitability for admission to the Maryland Bar.  Mr. Van Dusen appeared before this Court regarding his application for admission and stated that, since the time that SBLE had recommended his admission (and, by implication, since his original application was filed in 2009) he had not engaged in any criminal conduct.  At the hearing in this case Mr. Van Dusen admitted that, at the time he made that statement, he knew it was an "absolute ... downright lie."  Mr. Van Dusen's false statement concerned a material fact.  His criminal conduct clearly related to his character and trustworthiness and would have affected the assessment of his fitness to practice law.

Quite apart from his admitted false statement to the Court, Mr. Van Dusen violated MLRPC 8.1 by failing to update his application for admission to report his criminal activities and the subsequent police investigation.  Mr. Van Dusen submitted his application to SBLE on May 20, 2009, and stated, in response to Question 18, that there were no "circumstances or unfavorable incidents ... which may have a bearing upon [his] character or fitness to practice law, not called for by the questions contained in this questionnaire or disclosed in

14

[his] answers." In that application he also acknowledged his continuing obligation to immediately inform SBLE of any changes in the information reported in the application.

Even if Mr. Van Dusen's response to the question on the bar application was true and complete as of the day he filed his application, he was under an obligation to supplement that response with any material information up until his admission to the Maryland bar on November 1, 2012. He did not do so. While Mr. Van Dusen's bar application was pending from 2010 through 2012, he knowingly engaged in criminal activity. Even when Mr. Van Dusen had reason to believe that he would be criminally charged – as became evident with the discovery of his hidden cameras by Ms. Prywes in October 2012 and the police investigation at his home – Mr. Van Dusen did not supplement his application or inform SBLE or this Court of his conduct.[9] This violated MLRPC 8.1(b).

---

[9] Before the hearing judge, Mr. Van Dusen attempted to rely on his Fifth Amendment right against self-incrimination as a justification for failure to comply with MLRPC 8.1. A comment to MLRPC 8.1 explains its relation to the Fifth Amendment:

> This Rule is subject to the provisions of the Fifth Amendment of the United States Constitution and corresponding provisions of state constitutions. A person relying on such a provision in response to a question, however, should do so openly and not use the right of nondisclosure as a justification for failure to comply with this Rule.

MLRPC 8.1 Comment [3]. An applicant who relies on the Fifth Amendment to decline to disclose material information must do so openly and contemporaneously. It cannot be used as a *post hoc* justification for a failure to disclose.

15

***MLRPC 8.4 (misconduct)***

*MLRPC 8.4(b)*

MLRPC 8.4(b) provides that it is professional misconduct for an attorney to commit a criminal act that "reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." A lawyer can be found to have violated MLRPC 8.4(b) upon conviction of a criminal offense, even if the underlying criminal conduct occurred prior to the lawyer's admission to the Bar. *See Hunt*, 435 Md. at 141, 143. In *Hunt*, an attorney had engaged in criminal conduct prior to applying for admission to the Maryland Bar – in particular, in his capacity as a Revenue Officer with the Internal Revenue Service, he had taken bribes and disclosed confidential tax information. He later gained admission to the Maryland Bar. A year after admission, he was indicted and pled guilty to federal criminal charges. This Court concluded that he violated MLRPC 8.4(b) based on the criminal conviction, even though he had engaged in the criminal conduct prior to his admission to the bar, because the criminal conduct adversely reflected on his fitness to practice law.

This case presents a similar time line to that in *Hunt*. Mr. Van Dusen engaged in criminal activity prior to his admission to the Maryland Bar (from at least August 2011 until October 2012). After his admission to the bar, Mr. Van Dusen pled guilty to three counts of violations of CR §3-902(c). As in *Hunt*, Mr. Van Dusen violated MLRPC 8.4(b).

The criminal conduct to which Mr. Van Dusen pled guilty reflects adversely on his honesty and trustworthiness. Despite his representation to each tenant that she had a private bedroom, Mr. Van Dusen installed hidden cameras in their bedrooms to capture images of

16

the women in private settings without their knowledge or consent. Mr. Van Dusen used his technical expertise to conceal cameras in areas that would allow him to view his tenants in bed and in intimate relations and substituted a larger mirror in one tenant's bedroom in order to capture more of her reflection. Mr. Van Dusen's conduct betrayed his tenants' trust; it was not the behavior of a "responsible, mature, and trustworthy adult." *See Attorney Grievance Comm'n v. Thompson*, 367 Md. 315, 325, 786 A.2d 763 (2001) (conviction for stalking a 13-year old boy reflected adversely on the attorney's trustworthiness); *see also Attorney Grievance Comm'n v. Greenleaf*, 438 Md. 151, 160, 91 A.3d 1066 (2014) (attorney's *Alford* plea to soliciting underage sex online adversely reflected on his fitness to continue to practice law).

*MLRPC 8.4(c)*

MLRPC 8.4(c) states that an attorney may not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." This proscription is not limited to conduct in the practice of law but "extends to actions by an attorney in business or personal affairs that reflect on the individual's character and fitness to practice law." *Attorney Grievance Comm'n v. Coppock*, 432 Md. 629, 644, 69 A.3d 1092 (2013) (citation omitted).

When an attorney knowingly makes a material false statement, the attorney necessarily engages in conduct involving dishonesty and misrepresentation. *Attorney Grievance Comm'n v. Dore*, 433 Md. 685, 708, 73 A.3d 161 (2013). In addition, an attorney's deliberate and continued failure to disclose criminal activities engaged in prior to admission, and not reported on the bar application, is conduct involving dishonesty and

17

misrepresentation. *Hunt*, 435 Md. at 142-43. As described earlier, the attorney in *Hunt* knowingly engaged in criminal conduct prior to his admission to the bar. The attorney failed to disclose his prior criminal conduct when applying to the bar; after his admission to the bar, he did nothing to correct the omission with either SBLE, the Commission, or this Court. The Court held that this deliberate failure to disclose was a violation of MLRPC 8.4(c).

After his admission to the Maryland Bar, Mr. Van Dusen continued to conceal his criminal conduct from SBLE, the Commission, and this Court. He also failed to disclose that he had knowingly made a false statement of material fact before this Court at the hearing on October 4, 2012. Subsequent to his swearing-in, Mr. Van Dusen was criminally charged, named as a defendant in three civil actions, and pled guilty to three criminal misdemeanors. However, Mr. Van Dusen did not inform the Maryland disciplinary authorities of any of these events.[10] Rather, as the hearing judge found, he deliberately concealed this information from the Maryland authorities to protect his Maryland law license. Mr. Van Dusen's deliberate and continued failure to disclose his misconduct in order to protect his Maryland license is conduct involving dishonesty and misrepresentation.

*MLRPC 8.4(d)*

MLRPC 8.4(d) states that a lawyer may not "engage in conduct that is prejudicial to the administration of justice." "[C]onduct that impacts on the image or the perception of the

_____

[10] Mr. Van Dusen testified that he did not inform the Maryland authorities about his criminal indictment or conviction because he was under the impression (apparently engendered by his attorney) that the Maryland bar authorities would be automatically informed of his involvement with the Maryland courts.

18

courts or the legal profession ... and that engenders disrespect for the courts and for the legal profession may be prejudicial to the administration of justice." *Attorney Grievance Comm'n v. Richardson*, 350 Md. 354, 368, 712 A.2d 525 (1998). MLRPC 8.4(d) encompasses a lawyer's conduct beyond his or her role as a lawyer. *Attorney Grievance Comm'n v. Childress*, 360 Md. 373, 383, 758 A.2d 117 (2000). In order for conduct outside the practice of law to be prejudicial to the administration of justice, the conduct must be "criminal or so egregious as to make the harm, or potential harm, flowing from it patent." *Attorney Grievance Comm'n v. Link*, 380 Md. 405, 427-29, 844 A.2d 1197 (2004). When an attorney is convicted of a crime, the underlying conduct may negatively affect the perception of lawyers and the legal system. *Link*, 380 Md. at 428.

After his admission to the Maryland Bar, Mr. Van Dusen pled guilty to three criminal misdemeanors involving the secret video surveillance and recording of his tenants in intimate situations. In addition, Mr. Van Dusen's intentional omission of material facts during his admission process – and his failure, after his admission, to correct these omissions – as well as his affirmative misrepresentation to this Court, all constitute conduct prejudicial to the administration of justice. The integrity of the bar as a whole is put in question when an attorney gains admission to the Bar by misrepresenting his fitness to practice law during the admission process and continues to conceal material information after admission to preserve his license.

*MLRPC 8.4(a)*

MLRPC 8.4(a) provides in relevant part that "[i]t is professional misconduct for a lawyer to ... violate ... the [MLRPC.]"  Because Mr. Van Dusen has violated several provisions of the MLRPC, he necessarily violated 8.4(a).  *Attorney Grievance Comm'n v. Kobin*, 432 Md. 565, 583, 69 A.3d 1053 (2013).

### III

### Sanction

When a lawyer is found to have engaged in misconduct, this Court sanctions the lawyer not to punish the lawyer, but to protect the public and to maintain confidence in the legal profession.  *Greenleaf*, 438 Md. at 163.  The Commission recommended disbarment as the appropriate sanction in this case.  At oral argument, Mr. Van Dusen urged that we limit the sanction to a one-year suspension.

Disbarment is generally warranted when a lawyer commits a crime that adversely reflects on the lawyer's fitness to continue to practice law, even in the absence of other violations of the MLRPC or aggravating factors.  *Greenleaf*, 438 Md. at 165 (disbarring attorney who illegally solicited sex online from a person the attorney believed to be underage); *see also Attorney Grievance Comm'n v. Sheinbein*, 372 Md. 224, 261, 812 A.2d 981 (2002) (disbarring attorney who committed crime of obstructing and hindering a police officer by helping his son, a murder suspect, flee the country); *Attorney Grievance Comm'n v. Painter*, 356 Md. 293, 739 A.2d 24 (1999) (disbarring attorney who committed battery and illegally transported a gun in connection with a domestic violence dispute).

20

This Court has also found disbarment appropriate when it is learned that a lawyer concealed material information during the bar admission process. The Court has reasoned that disbarment is warranted because the deliberate failure to disclose material information plainly reflects on the truthfulness and candor of the applicant and no character qualification to practice law is more important than truthfulness and candor. *Keehan*, 311 Md. at 169 (disbarring lawyer who withheld material information relating to his prior employment experience); *Hunt*, 435 Md. at 143-44 (disbarring attorney who failed to disclose past criminal conduct); *Gilbert*, 307 Md. at 496-497 (disbarring an attorney who failed to disclose involvement in a civil suit).

Mr. Van Dusen committed criminal acts that adversely reflect on his fitness to practice law. This conduct was neither an isolated nor a minor incident, but rather a serious invasion of the privacy of Ms. Malova, Ms. Prywes, Mr. Woodhams and others that extended over at least two years. Mr. Van Dusen also failed to disclose material information concerning his activities, their detection, investigation, and prosecution to SBLE and this Court. This demonstrated a serious lack of candor and truthfulness. The hearing judge also found that Mr. Van Dusen's failure to notify SBLE and this Court regarding his surreptitious video recording of his tenants, the police investigation, the pending charges, the civil complaints, and the subsequent conviction, was deliberate and calculating.

The hearing judge found by clear and convincing evidence several aggravating factors: a selfish motive in recording his tenants, a pattern of misconduct throughout his bar application process, engaging in criminal activity on multiple days, vulnerability of the

21

victims, and an indifference to making restitution. These aggravating factors further support a sanction of disbarment.

The hearing judge found four mitigating factors: personal or emotional problems (stress and erectile dysfunction), mental disability or impairment (Voyeuristic Disorder, Major Depressive Disorder – Mild), imposition of other penalties or sanctions (criminal and civil judgments), and interim rehabilitation (treatment from the Veterans Administration). The mitigating factors found by the hearing judge do not warrant a lesser penalty than disbarment in this case. In the case of intentional dishonest conduct, the Court considers a sanction less than disbarment only when the most serious and debilitating mental or physical health conditions are the "root cause" of the misconduct and result in the attorney's utter inability to conform his conduct in accordance with the law and the MLRPC. *Attorney Grievance Comm'n v. Vanderlinde*, 364 Md. 376, 413-14, 773 A.2d 463 (2001). Although Mr. Van Dusen met the clinical diagnosis for a disorder, it is undisputed that he was at all times fully capable of conforming his conduct to the law and to the MLRPC.

For these reasons, we concluded that disbarment was the appropriate sanction in this case.

22